**Russell L. Sappington, Plaintiff-Appellant, v. Sparta Municipal Hospital District, a Municipal Corporation, Defendant-Appellee.**

Gen. No. 68–89.

Fifth District.
February 20, 1969.

Dixon & McDonnell, of Belleville (Joseph B. McDonnell, of counsel), for appellant.

Pope and Driemeyer, of East St. Louis (John T. Pierce, Jr., of counsel), for appellee.

CREBS, J.
Plaintiff's complaint for personal injuries was dismissed on motion for failure to file a written notice

within six months of the date of his injury as required by chapter 85, § 8–102, Ill Rev Stats 1967.

The sole question to be determined is whether such notice was necessary.

Plaintiff contends that a hospital district is not a local public entity as contemplated by the statute. Chapter 85, § 1–206, Ill Rev Stats 1967, reads as follows: " ' Local public entity' includes a county, township, municipality, municipal corporation, school district, school board, forest preserve district, park district, fire protection district, sanitary district, and all other local governmental bodies. It does not include the State or any office, department, division, bureau, board, commission, university or similar agency of the State."

The main argument in this case has been over the definition of municipal corporation. Plaintiff cites chapter 24, section 1–1–2(1) as authority for holding that it does not cover a hospital district. Defendant cites chapter 23, section 1265, as directly holding that a hospital district is a municipal corporation. What is meant by the term municipal corporation varies to some extent and is determined by the context in which the term is used. The definition in the Municipal Code referred to above starts with the phrase "in this code" and as the Municipal Code is also commonly known as the Cities and Villages Act, it is not surprising that the definition limits the term "municipal corporation" generally to cities, villages and incorporated towns.

■ However, if we used this definition in construing the statute here involved there would be no reason to have also mentioned "municipality" in the statute. Reading the statute as a whole, we hold that a hospital district is a municipal corporation as the term is there used. Further, even if we were to assume for the purposes of argument that a hospital district was not a municipal corporation, as the term is used in this statute, it

would then necessarily be covered by the phrase "all other local governmental bodies." It is significant that the plaintiff has not even argued that a hospital district comes under any of the types of governmental bodies directly excluded by the statute.

█ Plaintiff next contends that since he was taken immediately after the accident to the hospital as a patient, and that during his treatment the first three days after the accident, the hospital obtained the basic information required in the notice, that under these circumstances the giving of a formal notice was unnecessary. This argument sounds good until it is analyzed. The giving of a formal notice permits the defendant time to attempt to settle the case before suit is filed. It also lets them know they are about to be sued so they can prepare their defense. In these days when defendants are often insured, the notice requires the defendant to notify his insurance carrier. None of these things are accomplished without the formal notice. Also, a large organization is departmentalized. The fact that one department has knowledge does not mean that this information is known to another department. In this case, the patient's history taken by a treating doctor or a nurse is not likely to be passed on to the hospital's legal counsel. The formal notice required by statute ordinarily would be.

For these reasons we hold that the formal notice was required in this case.

Finding no error, the order of the Circuit Court of Randolph County dismissing the suit is affirmed.

Affirmed.

MORAN and EBERSPACHER, JJ., concur.