WILLIAM HAPENIEWSKI, Plaintiff-Appellant, v. THE CITY OF CHICAGO HEIGHTS, Defendant-Appellee.

First District (5th Division)   No. 84—0902

Opinion filed August 23, 1985.—Rehearing denied September 8, 1986.

James Salsbury, of Cunningham & Wood, of Aurora, for appellant.

Lawrence P. Gulotta and Matthew N. Lulich, both of Antonietti & Gulotta, of Calumet City, for appellee.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, William Hapeniewski, appeals from an order of the circuit court dismissing his complaint against defendant, the city of Chicago Heights (city), for failure to bring this action within the two-year limitations period or within one year after plaintiff's voluntary dismissal of a previously filed action. On appeal plaintiff contends that (1) section 2—101(e) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1981, ch. 85, par. 2—101(e)) exempts claims brought under section 1—4—7 of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1981, ch. 24, par. 1—4—7) from the two-year statute of limitations provision of the Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8—101) and, therefore, a five-year limitations period applies; (2) the one-year period for refiling plaintiff's earlier action, which was voluntarily dismissed, began to run only after all orders pertaining to the action had been entered; and (3) a five-year statute of limitations applies to all counts of plaintiff's complaint. We affirm.

The events leading up to the instant action are as follows. They arise out of three separate actions brought in the circuit court. Pursuant to an order entered in a chancery action brought by the city on July 29, 1977, the city demolished a building owned by the plaintiff. On September 6, 1979, plaintiff filed a supplemental petition as a cross-claim for wrongful demolition in this chancery action contending that he had not received notice of the demolition proceedings. This supplemental petition was voluntarily dismissed by the plaintiff on September 26, 1979. Plaintiff later brought an action for wrongful demolition in the law division. He voluntarily dismissed this action on November 19, 1979. The next relevant date is February 20, 1980, when the city's complaint in chancery was dismissed. At that time, the court granted the city leave to file an amended complaint within 30 days and continued the case generally pending any pleadings filed by the parties. On June 13, 1980, plaintiff was denied leave to file an amended supplemental petition in the chancery action for wrongful demolition. The trial court instructed the plaintiff to file an action in the law division.

On April 13, 1981, plaintiff filed the instant action in the law division for wrongful demolition against the city. His second amended complaint sought relief in five counts for wrongful demolition, negli-

gence, deprivation of property without due process of law in violation of both the Federal and State constitutions and section 1983 of the Civil Rights Act (42 U.S.C.A. sec. 1983 (1981)). The city filed a motion to dismiss on the grounds that each count was barred by the two-year statute of limitations period. After a hearing on the motion, the trial court granted the city's motion on March 13, 1984, ruling that the two-year and not the five-year statute of limitations applied to all counts and that the instant action was not refiled within one year of the voluntary dismissal of plaintiff's chancery petition on September 26, 1979. Plaintiff now appeals the trial court's dismissal of this action.

OPINION

■■ Plaintiff's first contention is that section 2—101(e) of the Tort Immunity Act exempts claims filed under section 1—4—7 of the Code from the two-year statute of limitations period of the Tort Immunity Act.

Section 2—101(e) provides:
"Nothing in this Act affects the right to obtain relief other than damages against a local public entity or public employee. Nothing in this act affects the liability, if any, of a local public entity or public employee, based on:
* * *
e) Section 1—4—7 of the 'Illinois Municipal Code', approved May 29, 1961, as heretofore or hereafter amended." Ill. Rev. Stat. 1981, ch. 85, par. 2—101(e).

Section 1—4—7 of the Code provides:
"The municipality shall be liable for any injury occasioned by actionable wrong to property by the removal, destruction or vacation, in whole or in part, of any unsafe or unsanitary building, by any municipal officer, board or employee charged with authority to order or execute such removal, destruction or vacation, if such removal, destruction or vacation is pursuant to valid statutes, ordinances or regulations, and if such officer, board or employee has acted in good faith, with reasonable care and probable cause." Ill. Rev. Stat. 1981, ch. 24, par. 1—4—7.

Section 8—101 of the Tort Immunity Act states:
"No civil action may be commenced in any court against a local entity for any injury unless it is commenced within 2 years from the date that the injury was received or the cause of action accrued." Ill. Rev. Stat. 1981, ch. 85, par. 8—101.

In support of his contention, plaintiff argues that because *Hecko*

*v. City of Chicago* (1975), 25 Ill. App. 3d 572, 323 N.E.2d 595, stands for the proposition that actions brought pursuant to section 1—4—7 are exempted from the notice requirements of the Tort Immunity Act, these actions are also exempted from the two-year statute of limitations provision in the Act. Plaintiff contends, therefore, that a five-year limitations period applies because the subject matter of the complaint is injury to property. (Ill. Rev. Stat. 1981, ch. 110, par. 13—205.) The city maintains that section 2—101(e) creates an exemption from any provision of the Tort Immunity Act which would eliminate the "liability" of a public entity for wrongful demolition under section 1—4—7 of the Code. It argues that a statute of limitations affects only the time within which a suit may be filed and not the underlying liability. The exemption from governmental immunity from liability provided in section 2—101(e), therefore, does not affect the two-year statute of limitations period applicable to suits brought under section 1—4—7. We agree.

Statutes of limitations are generally considered to affect the remedy only and not a substantive right. (*Lambert v. Village of Summit* (1982), 104 Ill. App. 3d 1034, 1040, 433 N.E.2d 1016.) Statutes of limitations affect the remedy by limiting the period within which legal action may be brought or remedies may be enforced; they bar the right to sue for recovery but do not extinguish the underlying obligation. (*Fleming v. Yeazel* (1942), 379 Ill. 343, 345-46, 40 N.E.2d 507.) Because statutes of limitations generally do not affect substantive rights, we conclude that the word "liability" used in section 2—101 does not refer to the statute of limitations and, therefore, suits brought under section 1—4—7 are not exempted from the two-year statute of limitations in the Tort Immunity Act.

We disagree with plaintiff's contention that *Hecko* is controlling. The *Hecko* court held that the statutory notice requirement of the Tort Immunity Act contained in sections 8—102 and 8—103 do not apply to claims arising under section 1—4—7 of the Code. However, it does not necessarily follow, as plaintiff argues, that the statute of limitations provision also does not apply to these actions. Because the failure to comply with the notice requirement is a prerequisite to instituting an action against a public entity, the notice requirement is viewed as a substantive rather than a procedural matter. (*Schear v. City of Highland Park* (1968), 104 Ill. App. 2d 285, 289, 244 N.E.2d 72.) In contrast, as stated before, the statute of limitations here involved is procedural in nature and does not affect liability. Because the notice requirement is substantive and affects liability, we find *Hecko* inapposite.

■ Plaintiff's second contention is that the one-year period for refiling his earlier chancery action, which was voluntarily dismissed, commenced to run only after all orders pertaining to the action had been entered. Plaintiff initially argues that he had until July 29, 1982, five years after the date of the demolition, within which to file his complaint. If a two-year statute of limitations applies, he contends that the case was not finally dismissed until June 13, 1980, when he was denied leave to file an amended supplemental petition in chancery for wrongful demolition. Thus, his filing of this action on April 13, 1981, was within one year of the dismissal. The city argues that plaintiff had the option of filing either within two years of July 29, 1977, or within one year of either September 26, 1979, when plaintiff voluntarily dismissed his supplemental petition in chancery or November 19, 1979, when he voluntarily dismissed his first action in the law division.

Section 13—217 of the Code of Civil Procedure states in relevant part:

"[If] the action is voluntarily dismissed by the plaintiff ***, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff ***." Ill. Rev. Stat. 1981, ch. 110, par. 13—217.

We find no merit in plaintiff's contention that the voluntary dismissal was not final until June 13, 1980, merely because the court later entered orders both granting the city leave to file an amended complaint after dismissal and denying plaintiff leave to file an amended supplemental petition. Plaintiff cites no authority, and we have not discovered any which would support his argument. Plaintiff voluntarily dismissed his supplemental petition in chancery on September 26, 1979, and his action in the law division on November 19, 1979. The statutory language clearly states that plaintiff has either within one year of the voluntary dismissal or within the remaining period of limitation to commence a new action. Because the statute of limitations ran on July 29, 1979, plaintiff had until either September 26, 1980, or November 19, 1980, one year after his voluntary dismissals, to refile his action. Plaintiff, however, did not refile until April 13, 1981, well beyond the one-year period.

■ Plaintiff's third contention is that the remaining counts, which are based on the Federal and State constitutions and section 1983 of the Civil Rights Act, derive from the claim arising under sec-

tion 1—4—7 and the five-year statute of limitations should apply to these counts. We have previously determined that a two-year statute of limitations applies to actions brought under section 1—4—7. We see no reason to apply a different statute of limitations to the counts alleging constitutional violations than to the count based on section 1—4—7. It is well settled that property interests are not created by constitutional provisions, but rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as State law, rules, or understandings that secure certain benefits, and that support claims or entitlements to those benefits. (*Board of Regents v. Roth* (1972), 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701, 2709.) Here, the right to sue for damages arises under State law, section 1—4—7. Plaintiff's cause of action, therefore, is subject to the two-year statute of limitations applicable to that statute.

We similarly find no merit in plaintiff's argument that a five-year statute of limitations period applies to claims brought pursuant to section 1983 of the Civil Rights Act. In actions under section 1983, the applicable statute of limitations is that which the State would apply if the suit had been brought in its courts. (*Pegues v. Morehouse Parish School Board* (5th Cir. 1980), 632 F.2d 1279, 1280-81, *cert. denied* (1981), 451 U.S. 987, 68 L. Ed. 2d 844, 101 S. Ct. 2322.) In light of this principle, the proper State limitations period is two years. The word "injury" in section 8—101 includes tortious injury to a person or to his property. (*Panko v. County of Cook* (1976), 42 Ill. App. 3d 912, 917, 356 N.E.2d 859.) For these reasons, we find that all five counts are governed by the two-year statute of limitations. Ill. Rev. Stat. 1981, ch. 85, par. 8—101.

For the foregoing reasons, we affirm the trial court's granting of the city's motion to dismiss.

Affirmed.

SULLIVAN and PINCHAM, JJ., concur.