IDA E. LeSANCHE, Plaintiff-Appellant, v. NORTH SUBURBAN MASS TRANSIT DISTRICT, a/k/a Nortran, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 83—669

Opinion filed December 26, 1985.—Rehearing denied May 1, 1986.

Norman E. Wilson, of Chicago, for appellant.

Leo K. Mitchell and George J. Brown, both of Chicago, for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Ida LeSanche (plaintiff) appeals from the order of the Cook County trial court which dismissed her complaint against the North Suburban Mass Transit District (Nortran) and Carlos Gonzalez-Marmol (Gonzalez-Marmol) for personal injuries she allegedly sustained while a passenger on a bus owned by Nortran and driven by Gonzalez-Marmol. The trial court dismissed the complaint pursuant to defendants' motion under section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619) on the ground that the plaintiff had failed to show that notice of her claim had been given to the defendants within the one-year statutory time limit of section 8—102 of the Illinois Local Government and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (Ill. Rev. Stat. 1981, ch. 85, par. 8—102). We affirm.

The sole question presented for our review is whether Nortran is a "local public entity" within the purview of the Tort Immunity Act for the purposes of the requirement that a plaintiff provide Nortran with notice of a claim against it within one year of the occurrence of the incident upon which the claim is based. Based upon the following

analysis, we determine that the one-year notice requirement of the Tort Immunity Act applies to Nortran.

It is undisputed between the parties that Nortran is a local mass transit district duly formed pursuant to the Local Mass Transit District Act. (Ill. Rev. Stat. 1981, ch. 111⅔, par. 351 *et seq.*) Section 3 of that Act specifically provides in pertinent part that a "District created pursuant to this Act shall be a municipal corporation \*\*\*." (Ill. Rev. Stat. 1981, ch. 111⅔, par. 353.) The Local Mass Transit District Act makes no reference to a requirement of notice to a transit district for the purposes of instituting a claim against the district.

The Illinois Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 1—101 *et seq.*) provides that "[w]ithin 1 year from the date that an injury or cause of action \*\*\* was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity \*\*\* must serve \*\*\* a written notice on \*\*\* the entity." (Ill. Rev. Stat. 1981, ch. 85, par. 8—102.) The Tort Immunity Act specifically defines the term "local public entity" to "[include] a \*\*\* municipal corporation." Ill. Rev. Stat. 1981, ch. 85, par. 1—206.

Nortran, as a local mass transit district, is a "municipal corporation" (Ill. Rev. Stat. 1981, ch. 111⅔, par. 353) and consequently a "local public entity" under the Tort Immunity Act. (See Ill. Rev. Stat. 1981, ch. 85, par. 1—206.) As such, it was a governmental entity to which notice was required to be given pursuant to section 8—102 of that Act. As a result, we find plaintiff's allegation of error insufficient ground to reverse the order of the trial court.

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.