SHIRLEY GRADY, Plaintiff-Appellee, v. BI-STATE DEVELOPMENT AGENCY, Defendant-Appellant.

Fifth District No. 5—86—0189

Opinion filed December 17, 1986.

WELCH, J., dissenting.

John L. McMullin and Steven P. Rouse, both of Brown, James & Rabbitt, P.C., of St. Louis, Missouri, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, Bi-State Development Agency, appeals, pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308), from a judgment of the circuit court of St. Clair County denying defendant's motion to dismiss plaintiff's action for personal injuries she allegedly sustained while a passenger on a bus owned and operated by defendant. We note that plaintiff, Shirley Grady, failed to file an appellee's brief. However, this does not prevent us from deciding the merits of this appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

■ Defendant's motion to dismiss is based upon the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1981, ch. 85, par. 1—101 *et seq.*). We are asked to decide whether defendant is a "local public entity" within the purview of the Tort Immunity Act for purposes of the requirement that plaintiff provide defendant with notice of her claim within one year from the date that the injury was received or the cause of action accrued. (Ill. Rev. Stat. 1981, ch. 85, par. 8—102.) If we conclude that defendant is a "local public entity" entitled to notice, we must decide whether plaintiff gave defendant sufficient notice of her claim. Ill. Rev. Stat. 1981, ch. 85, par. 8—102.

Section 1—206 of the Tort Immunity Act provides that a " 'local public entity' includes a county, township, municipality, municipal corporation, school district, school board, forest preserve district, park district, fire protection district, sanitary district, and all other local government bodies." (Ill. Rev. Stat. 1981, ch. 85, par. 1—206.) This court has held that a mass transit district and a hospital district are "local public entities." See *LaSanche v. North Suburban Mass Transit District* (1985), 142 Ill. App. 3d 394, 491 N.E.2d 1170; *Sappington v. Sparta Municipal Hospital District* (1969), 106 Ill. App. 2d 255, 245 N.E.2d 262.

Defendant was created by section 1 of "An Act providing for the State of Illinois to enter into a compact with the State of Missouri for the establishment of a Bi-State Development District and the creation of a Bi-State Development Agency ***" (Act) (Ill. Rev. Stat. 1981, ch. 127, par. 63r—1). The district created by the Act en-

compasses the city of St. Louis and the counties of St. Louis, St. Charles, and Jefferson in Missouri and the counties of Madison, St. Clair, and Monroe in Illinois. (Ill. Rev. Stat. 1981, ch. 127, par. 63r–1.) The Act provides that defendant "shall be a body corporate and politic." (Ill. Rev. Stat. 1981, ch. 127, par. 63r–1.) Defendant's powers include: (1) planning, constructing, and maintaining bridges, airports, and terminal facilities; (2) making plans for the coordination of streets and highways; (3) charging and collecting fees; (4) issuing bonds; (5) receiving contributions from local, State, and Federal governments; and (6) exercising additional powers as shall be conferred on it by either State legislature. (Ill. Rev. Stat. 1981, ch. 127, par. 63r–1.) Defendant is required to make annual reports to the governor of each State and to make recommendations to the States' legislatures for the improvement of the district. Ill. Rev. Stat. 1981, ch. 127, par. 63r–1.

Our reading of the statute which defines defendant's powers and responsibilities leads us to conclude that defendant is a "local government body" and, consequently, a "local public entity" under the Tort Immunity Act. (Ill. Rev. Stat. 1981, ch. 85, par. 1–206.) This conclusion is further supported by the following definition of an "interstate transportation authority," as set forth in the Local Mass Transit District Act (Ill. Rev. Stat. 1981, ch. 111²/₃, par. 352(h)):

" 'Interstate transportation authority' shall mean any *political subdivision* created by compact between this State and another state, which is a body corporate and politic and a *political subdivision* of both contracting states ***." (Emphasis added.)

As a "local public entity," defendant is entitled to notice of plaintiff's claim against it as required by section 8–102 of the Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8–102).

■■ Having reached the above conclusion, we must decide whether plaintiff gave proper notice in accordance with the requirements of the statute. (Ill. Rev. Stat. 1981, ch. 85, par. 8–102.) Section 8–102 of the Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8–102) provides that plaintiff must serve, either personally or by registered or certified mail, written notice on the secretary or clerk of the "local public entity," giving in substance the following information:

"the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the acci-

dent, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any."

Plaintiff's attorney's letter of January 27, 1982, sent to defendant by certified mail, contains only the following pertinent information:

"Please be advised that I have been retained by Miss Shirley Grady to represent in a claim for personal injuries which she sustained in accident on the 25th day of September, 1981, at Johnson and Piper Road, Golden Gardens, East St. Louis, County of St. Clair, State of Illinois. I believe the bus involved in this accident was numbered 7003."

The letter does not supply defendant with plaintiff's address or with information pertaining to the approximate time of the accident, the general nature of the accident, or the name and address of any attending physician or treating hospital.

Substantial compliance with the statute is required. (*Lando v. City of Chicago* (1984), 128 Ill. App. 3d 597, 600, 470 N.E.2d 1172, 1174.) Substantial compliance necessitates that each element of information required by the Tort Immunity Act be included in the written notice and that each element be set forth with reasonably sufficient clarity so as not to mislead the "local public entity." (128 Ill. App. 3d 597, 600, 470 N.E.2d 1172, 1174; *Smith v. City of Chicago* (1980), 92 Ill. App. 3d 247, 250, 416 N.E.2d 20, 22.) We note that this cause does not present the situation where a complaint filed within the notice period can be deemed to substantially comply with section 8—102 because of the availability of information under discovery procedures. (*Rio v. Edward Hospital* (1984), 104 Ill. 2d 354, 366-67, 472 N.E.2d 421, 425-26.) Where, as here, several elements have been completely omitted from the formal notice required by section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8—102), we cannot conclude that plaintiff has substantially complied with the Tort Immunity Act. Failure to substantially comply with the notice requirement requires that plaintiff's action against defendant be dismissed with prejudice. Ill. Rev. Stat. 1981, ch. 85, par. 8—103.

For the reasons given, the judgment of the circuit court of St. Clair County denying defendant's motion to dismiss is reversed and plaintiff's action is hereby dismissed with prejudice.

Reversed.

JONES, J., concurs.

JUSTICE WELCH, dissenting:

I respectfully dissent. I would affirm the trial court's order denying defendant's motion to dismiss plaintiff's complaint.

The majority recognizes the principle that substantial rather than literal compliance with section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8—102) is sufficient. The purpose of the notice requirement is to allow the governmental entity the opportunity to examine the location of the occurrence at an early date so that conditions do not change and evidence does not become stale, to plan its budget in light of prospective liabilities, to settle claims and avoid costly civil litigation, and to correct the alleged defective condition so that future injuries and liabilities may be avoided. (*Rio v. Edward Hospital* (1983), 120 Ill. App. 3d 699, 704, 458 N.E.2d 606, 610, *aff'd* (1984), 104 Ill. 2d 354, 472 N.E.2d 421.) The statute is to be liberally construed with respect to the sufficiency of the elements as set forth in the written notice. Where the particular element as set forth is reasonably sufficient to fulfill the requirements of the statute and where the public has not been misled or prejudiced thereby, the notice itself is sufficient. (*Lando v. City of Chicago* (1984), 128 Ill. App. 3d 597, 600, 470 N.E.2d 1172, 1174.) Here the trial court apparently concluded the requirements of the statute were sufficiently met and the public was not misled or prejudiced by the shortcomings in the notice.

How was defendant prejudiced or misled by the omissions in the instant timely notice? The portion of defendant's brief devoted to this point states in its entirety: "By the provisions of [statute], a local mass transit district such as the Bi-State Development Agency, as an uninsured municipal corporation, must rely on tax money in order to meet its potential tort liabilities. Without the certainty of the notice provisions, defendant Bi-State Development Agency will be unable to effectively forecast its potential tort liability." What is implied is that defendant could not gather enough information from the instant notice to perceive its possible liability in this case. Let us examine the shortcomings in the instant notice as noted by the majority, with defendant's allegations of prejudice in mind:

(1) *The notice does not state the approximate time of the accident*: The notice states the date and the street intersection at which the accident occurred, as well as the number of the bus involved. Defendant, a bus company, operates its busses on schedules. Any of defendant's officials who cared to ascertain when the accident happened more exactly than plaintiff stated in her attorney's letter of notice could resort to records and schedules to determine it.

(2) *The notice does not state the general nature of the accident*: According to the notice, it was a bus accident resulting in a personal injury. Surely this was sufficient if the statute is to be liberally construed. *Lando v. City of Chicago* (1984), 128 Ill. App. 3d 597, 470 N.E.2d 1172.

(3) *The notice does not state plaintiff's address*: This is true, but has nothing to do with defendant's asserted inability to forecast its potential tort liability. In any event, this omission was readily rectifiable by contact with plaintiff's attorney, who adequately identified himself in his letter.

(4) *The notice does not state the address of any attending physician or treating hospital*: According to the statute these items need be supplied only if the plaintiff was so treated. Further, this has nothing to do with defendant's allegation of prejudice based on omissions in the notice. Finally, these facts were readily ascertainable by direct inquiry to plaintiff's attorney.

Since the issue of defects in the notice arose on defendant's motion to dismiss, the trial court and this court must assume the allegations well-pleaded in plaintiff's complaint are true (*Martin v. Federal Life Insurance Co.* (1982), 109 Ill. App. 3d 596, 601, 440 N.E.2d 998, 1003), *i.e.*, that plaintiff was involved in the accident and was injured and that defendant's actions or omissions were a proximate cause of her injuries. By reversing the decision of the trial court in this case, this court consigns a presumptively valid claim to oblivion for technical reasons which have nothing to do with protecting defendant's rights or the public. Section 8—102 has a valid purpose and should be implemented to effect that purpose, not to trap unwary injured parties.

In my opinion there is no just reason why plaintiff should not be permitted to prosecute her claim. The decision of the trial court was correct, and we should affirm it.