JEAN A. COOPER, Plaintiff-Appellee, v. BI-STATE DEVELOPMENT AGENCY, Defendant-Appellant.

Fifth District No. 5—86—0703

Opinion filed July 9, 1987.

John L. McMullin and Roberta R. Hogan, both of Brown, James & Rabbitt, P.C., of St. Louis, Missouri, for appellant.

Lon D. Weaver, of Lakin, Herndon, Becker & Gitchoff, P.C., of East Alton, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant, Bi-State Development Agency, appeals, pursuant to Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)), from a judgment of the circuit court of St. Clair County denying defendant's motion to reconsider its motion to dismiss plaintiff's action for personal injuries she allegedly sustained while a passenger on a bus owned and operated by defendant.

On July 5, 1984, defendant received a letter from plaintiff's attorney advising defendant that he had been retained to represent plaintiff on her claim for personal injuries resulting from an occurrence on June 26, 1984. Plaintiff's complaint was filed June 27, 1985. Defendant filed a motion to dismiss plaintiff's complaint for failure to comply with the notice requirements of section 8—102 of the Local Government and Governmental Employees Tort Immunity Act (Tort Immunity Act or Act) (Ill. Rev. Stat. 1983, ch. 85, par. 8—102). The trial court denied defendant's motion. Defendant filed a motion to reconsider which was also denied. On October 9, 1986, the trial court entered a judgment certifying the matter for interlocutory appeal pursuant to Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)). This court granted defendant's application for leave to appeal.

Defendant contends that plaintiff's attorney's letter of July 5, 1984, fails to comply with section 8—102 of the Tort Immunity Act and that the trial court erred in denying defendant's motion to dismiss. Plaintiff responds that this cause is not properly before this court because the trial court's order of October 9, 1986, does not identify the question of law involved on appeal and because the order appealed from was entered into by agreement of the parties. Alternatively, plaintiff argues that she was not required to give notice pursuant to section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 8—102) because claims against public carriers are exempt from the notice requirement.

Supreme Court Rule 308(a) sets forth the requisite findings which the trial court must make to render an interlocutory order final and appealable and provides that the court shall identify the question of law involved. (87 Ill. 2d R. 308(a).) Plaintiff asserts that the failure to identify the question of law involved renders the order unappealable. The cases relied upon by plaintiff do not support this assertion. In *Jursich v. Arlington Heights Federal Savings & Loan Association* (1980), 83 Ill. App. 3d 352, 403 N.E.2d 1260, the court held that it lacked

jurisdiction to consider the propriety of the trial court's denial of defendant's motion to dismiss where the court had entered findings pursuant to Supreme Court Rule 304(a) as opposed to Rule 308(a). In *In re Marriage of Wass* (1981), 94 Ill. App. 3d 436, 439, 419 N.E.2d 32, 34, the court held that the trial court's order denying respondent's motion to strike or dismiss was not a final appealable judgment because the court failed to make any of the requisite findings in accordance with Supreme Court Rule 308(a). Plaintiff admits that the October 9, 1984, court order states that its order denying defendant's motion to reconsider involves a question of law to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. (See 87 Ill. 2d R. 308(a).) Therefore, the instant order is clearly distinguishable from the orders involved in the cases cited by plaintiff.

 On appeal, orders must be interpreted in the context of the motions which accompany them. (*Inter-Insurance Exchange of the Chicago Motor Club v. State Farm Insurance Co.* (1983), 113 Ill. App. 3d 157, 163, 446 N.E.2d 1224, 1228.) Defendant's motion to certify interlocutory appeal pursuant to Supreme Court Rule 308 states that "the question of whether Bi-State Development Agency received proper written notice of occurrence as required by Ill. Rev. Stat. [1983], ch. 85, [par.] 8—102 is a question of law as to which there is substantial difference of opinion, and an immediate appeal from this court's denial of Bi-State's motion to reconsider its motion to dismiss may materially advance the ultimate termination of litigation." It is apparent from both the record and the trial court's order granting defendant's motion for interlocutory appeal that the issue to be resolved by this court is whether plaintiff's failure to comply with the notice requirements of section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 8—102) warrants dismissal of her cause of action with prejudice. Under these circumstances, there is no danger of exceeding our power of review by considering issues not properly before us. (See *Getto v. City of Chicago* (1981), 92 Ill. App. 3d 1045, 1048, 416 N.E.2d 1110, 1113.) Therefore, we conclude that the failure of the trial court to identify in its written order the question of law involved does not render the order unappealable.

 Plaintiff also maintains that the judgment denying defendant's motion to reconsider is not reviewable because the initial order denying defendant's motion to dismiss was entered into by agreement of the parties. An agreed order is a recordation of agreement between the parties and not a judicial determination of their rights. (*In re Haber* (1981), 99 Ill. App. 3d 306, 309, 425 N.E.2d 1007, 1009.) Such an

order is conclusive on the parties and can be set aside by one party only under certain circumstances. (*In re Haber* (1981), 99 Ill. App. 3d 306, 309, 425 N.E.2d 1007, 1009.) The order of the trial court denying defendant's motion to dismiss is an interlocutory order subject to modification or vacation at any time prior to final judgment. (*Weaver v. Watson* (1984), 130 Ill. App. 3d 563, 569, 474 N.E.2d 759, 764.) As such, the order denying defendant's motion to dismiss does not represent a recordation of agreement between the parties. Therefore, we reject plaintiff's second contention regarding the appealability of this cause.

Defendant contends that the July 5, 1984, letter it received from plaintiff's attorney failed to set forth the essential elements of notice as required by section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 8—102) and that, therefore, plaintiff's action should be dismissed with prejudice (Ill. Rev. Stat. 1983, ch. 85, par. 8—103). Plaintiff maintains that defendant's operation as a common carrier precludes it from being entitled to notice. Section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 8—102) provided that, within one year from the date that the injury or cause of action was received or accrued, plaintiff must serve, either personally or by registered or certified mail, written notice on the secretary or clerk of the local public entity, giving in substance the following information:

> "the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident, the name and address of the attending physician, if any, and the name and address of the treating hospital or hospitals, if any."

We note that the section pertaining to notice has been repealed effective November 25, 1986 (Pub. Act 84—1431), and that section 8—101 has been revised to provide for a one-year statute of limitations period (Ill. Rev. Stat., 1986 Supp., ch. 85, par. 8—101). In *Grady v. Bi-State Development Agency* (1986), 151 Ill. App. 3d 748, 750, 502 N.E.2d 1087, 1089, we determined that defendant is a "local public entity" within the meaning of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 1—206) and, as such, is entitled to notice of injury (Ill. Rev. Stat. 1983, ch. 85, par. 8—102). Plaintiff maintains that *Grady* is distinguishable because the plaintiff in that cause did not file an appellee's brief advising the court that section 2—101(b) of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 2—101(b)) exempts claims against common carriers from the notice requirements of the Act (Ill. Rev. Stat. 1983, ch. 85, par. 8—102).

■■ ■ Article II is entitled "General Provisions Relating to Immunity" and section 2—101 of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 2—101) provides:

> "Nothing in this Act affects the right to obtain relief other than damages against a local public entity or public employee. Nothing in this Act affects the liability, if any, of a local public entity or public employee, based on:
>
> ***
>
> (b) Operation as a common carrier; and this Act does not apply to any entity organized under or subject to the 'Metropolitan Transit Authority Act' ***."

We have found no prior decisions interpreting whether this section exempts claims against public carriers from the notice requirement. In *Fujimura v. Chicago Transit Authority* (1977), 67 Ill. 2d 506, 509, 368 N.E.2d 105, 106, plaintiff challenged, on equal protection grounds, the constitutionality of the six months' notice requirement applicable to the CTA. In concluding that a rational basis exists for distinguishing the CTA from other public entities for purposes of providing for shorter notice and limitations periods, the court focused on the unique functions and activities of the CTA:

> "The CTA was established to operate and maintain a mass transportation system in the Chicago metropolitan area. *** The observations in *Schuman* [407 Ill. 313, 95 N.E.2d 447] concerning the magnitude of the defendant's operations, the extent of its personal injury litigation, the problem of blind cases, and the substantial burden of investigating completely even apparently minor accidents are still pertinent. *** There is an additional and substantial distinction in the differing standards by which the liability of the CTA and other public entities is to be measured. The CTA as a public carrier owes those to whom it serves the highest degree of care [citation], in contrast to the varying, but consistently lower, standards applicable to other public entities. This consideration appears to have been recognized as a factor for the specific exclusion of the CTA from the Tort Immunity Act (Ill. Rev. Stat. 1973, ch. 85, par. 2—101(b)):
>
>> '[W]e urge that the Chicago Transit Authority be excluded from coverage by this legislation in that its activities as a public carrier and the duty of public carriers under existing law differs in many respects from those of the public entities proposed to be covered.' " (67 Ill. 2d 506, 513-14, 368 N.E.2d 105, 108-09.)

Defendant, as a public carrier, owes its passengers the highest degree

of care in contrast to the lower standards of care applicable to other public entities. (See *Fujimura v. Chicago Transit Authority* (1977), 67 Ill. 2d 506, 513-14, 368 N.E.2d 105, 108.) By providing that nothing in the Tort Immunity Act affects defendant's liability based upon operation as a common carrier, defendant is not "exempt" from the Act. This provision preserves the standard of care to which defendant must adhere in order to avoid liability. Once notice is given, the liability of defendant as a common carrier is unaffected by the Act.

■■ ■ We note that our interpretation of the term "liability" as it is used in section 2—101 of the Act is at odds with the reasoning in *Hapeniewski v. City of Chicago Heights* (1986), 147 Ill. App. 3d 528, 497 N.E.2d 97. In *Hapeniewski*, the issue was whether section 2—101(e) of the Tort Immunity Act exempted claims filed under section 1—4—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1981, ch. 24, par. 1—4—7) from the statute of limitations requirement of the Act. (147 Ill. App. 3d 528, 530, 497 N.E.2d 97, 98-99.) The court held that the word "liability" does not refer to the statute of limitations provision of the Act because such a provision is procedural and does not affect substantive rights. (147 Ill. App. 3d 528, 531, 497 N.E.2d 97, 99.) The court distinguished this provision from the notice requirement on the basis that the latter is substantive in nature and affects liability. (147 Ill. App. 3d 528, 531, 497 N.E.2d 97, 99-100.) *Hapeniewski* is distinguishable from the instant cause in that it did not involve a claim against a public entity operating as a common carrier. Regardless of the classification of the notice requirement as substantive or procedural, we do not believe that the general immunity provision stating that "[n]othing in this Act affects the liability *** of a local public entity *** based on *** operation as a common carrier" was intended to remove such local public entities as defendant from the specific notice requirements of section 8—102. Based upon the justification in *Fujimura* of the six-month notice requirement applicable to the CTA because of its operation as the largest and busiest public carrier in the State, it would be incongruous to conclude that, in enacting section 2—101(b), the legislature intended to exclude claims against other public entities operating as common carriers from the one-year notice requirement. The purpose of the notice requirement is to encourage early investigation at a time when the matter is still fresh, witnesses are available and conditions have not changed. (*Saragusa v. City of Chicago* (1976), 63 Ill. 2d 288, 293, 348 N.E.2d 176, 179-80.) Although there is a difference between the number of passengers served by the CTA and those served by defendant, such a difference justifies the shorter notice period applicable to the CTA, but not the elimination of

the one-year notice requirement applicable to other public carriers. *Le-Sanche v. North Suburban Mass Transit District* (1985), 142 Ill. App. 3d 394, 491 N.E.2d 1170, wherein plaintiff sought damages for personal injuries sustained while a passenger on a bus owned and operated by defendant NORTRAN, supports this conclusion. In *LeSanche*, the court addressed the question of whether defendant was a "local public entity" within the purview of the Tort Immunity Act for purposes of the one-year notice requirement. (142 Ill. App. 3d 394, 395, 491 N.E.2d 1170, 1171.) The court noted that the Local Mass Transit District Act (Ill. Rev. Stat. 1981, ch. 111⅔, par. 351 *et seq.*), under which NORTRAN was organized, made no reference to a requirement of notice. (142 Ill. App. 3d 394, 395, 491 N.E.2d 1170, 1171.) The court concluded that NORTRAN, as a municipal corporation and, therefore, a "local public entity," was entitled to notice pursuant to section 8—102 of the Tort Immunity Act. (142 Ill. App. 3d 394, 395, 491 N.E.2d 1170, 1171.) Similarly, the Act under which defendant Bi-State is organized makes no reference to a requirement of notice. (Ill. Rev. Stat. 1983, ch. 127, par. 63r—1.) We conclude that section 2—101(b) of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 2—101(b)) does not exempt claims against public carriers from the notice requirement of the Act. Ill. Rev. Stat. 1983, ch. 85, par. 8—102.

■ We have examined plaintiff's attorney's letter of July 5, 1984, simply an attorney's lien letter, and find that it does not substantially comply with the notice requirements of section 8—102 of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 8—102). Nor does this cause present the situation where a defective notice was cured by the filing of a complaint containing the missing information within the notice period. (See *Oliver v. City of Chicago* (1985), 137 Ill. App. 3d 958, 485 N.E.2d 428.) In accordance with our decision in *Grady v. Bi-State Development Agency* (1986), 151 Ill. App. 3d 748, 751, 502 N.E.2d 1087, 1090, plaintiff's failure to comply substantially with section 8—102 of the Act requires that her action against defendant be dismissed with prejudice. Ill. Rev. Stat. 1983, ch. 85, par. 8—103.

For the reasons given, the judgment of the circuit court of St. Clair County denying defendant's motion to reconsider its motion to dismiss is reversed and plaintiff's action is hereby dismissed with prejudice.

Reversed.

WELCH and KASSERMAN, JJ., concur.