NOTICE

Decision filed 02/10/11. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-09-0675

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| HARVEST CHURCH OF OUR LORD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 07-L-89 |
| | ) | |
| THE CITY OF EAST ST. LOUIS, ILLINOIS, | ) | Honorable |
| | ) | Lloyd A. Cueto, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WEXSTTEN delivered the judgment of the court, with opinion.
Presiding Justice Chapman and Justice Goldenhersh concurred in the judgment and opinion.

**O P I N I O N**

The plaintiff, Harvest Church of Our Lord, filed an action against the defendant, the City of East St. Louis, Illinois (the City), for the wrongful demolition of property, pursuant to section 1-4-7 of the Illinois Municipal Code (Municipal Code) (65 ILCS 5/1-4-7 (West 2006)). The City filed a motion for a summary judgment, contending that the plaintiff's suit was barred by the one-year statute of limitations found in section 8-101(a) of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act) (745 ILCS 10/8-101(a) (West 2006)). The circuit court denied the City's motion for a summary judgment but certified three questions for appeal pursuant to Supreme Court Rule 308 (eff. Feb. 1, 1994). We conclude that the one-year statute of limitations found in section 8-101(a) of the Tort Immunity Act does not apply to bar the plaintiff's wrongful-demolition action against the City.

1

FACTS

On February 13, 2007, the plaintiff filed its complaint against the City, alleging that the City improperly demolished its church building located at 1101 State Street in East St. Louis and failed to account for the proceeds of the sale of property, which included bricks, hardwood, oak floors, and other materials. The City filed a motion for a summary judgment, arguing that because the demolition had occurred prior to January 15, 2005, and the plaintiff did not file its claim until February 13, 2007, the plaintiff was barred by the one-year statute of limitations found in section 8-101(a) of the Tort Immunity Act. The plaintiff responded to the City's motion for a summary judgment, arguing that its complaint set forth an action based upon the City's wrongful demolition of its property, pursuant to section 1-4-7 of the Municipal Code, an action excluded from the Tort Immunity Act, and that therefore the Tort Immunity Act's statute of limitations did not apply. On May 27, 2009, the circuit court concluded that a five-year statute of limitations found in section 13-205 of the Code of Civil Procedure (735 ILCS 5/13-205 (West 2006)), as opposed to the one-year limitations period contained in the Tort Immunity Act, applied to the plaintiff's action, and the court denied the City's motion for a summary judgment.

On June 25, 2009, the City filed a motion to certify three questions of law for interlocutory appeal pursuant to Supreme Court Rule 308 (eff. Feb. 1, 1994). On November 30, 2009, the circuit court found that the questions of law involved substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. Accordingly, the circuit court granted the City's motion and certified the following questions of law:

> "A. Does the one year statute of limitations contained in 745 ILCS 10/8-101 apply to a cause of action for damages brought pursuant to Section 1-4-7 of the Illinois Municipal Code?

B.      Does the language contained in 745 ILCS 10/2-101 stating that '[n]othing in this Act affects the liability, if any, of a local public entity or public employee, based on: . . . Section 1-4-7 of the "Illinois Municipal Code" . . . .' alter or eliminate the application of the one year statute of limitations contained in 745 ILCS 10/8-101 to Plaintiff's Complaint[?]

C.      Is Plaintiff's cause of action alleged in the complaint barred by the one-year limitations period contained in 745 ILCS 10/8-101[?]"

On December 14, 2009, the City filed an application for leave to appeal, which this court granted on January 8, 2010.

ANALYSIS

The plaintiff argues that because this action is brought pursuant to section 1-4-7 of the Municipal Code, it is exempt from the immunities provided by the Tort Immunity Act (745 ILCS 10/2-101(e) (West 2006)) and that, therefore, it is also exempted from the one-year statute of limitations provision found in section 8-101(a) of the Tort Immunity Act. The plaintiff argues that because its action seeks to recover damages for an injury done to property, the five-year statute of limitations set forth in section 13-205 of the Code of Civil Procedure applies. 735 ILCS 5/13-205 (West 2006) ("[A]ctions *** to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued.").

The City counters that although section 2-101 of the Tort Immunity Act (745 ILCS 10/2-101 (West 2006)) creates an exemption from provisions of the Tort Immunity Act that would eliminate the "liability" of a public entity for a wrongful demolition under section 1-4-7 of the Municipal Code, the one-year statute of limitations found in section 8-101(a) of the Tort Immunity Act still applies because it affects only the time within which a suit may be

3

filed and not the underlying liability. The City argues that because the exemption from governmental immunity provided for in section 2-101 of the Tort Immunity Act does not affect the one-year statute of limitations period applicable to suits brought under section 1-4-7 of the Municipal Code, the plaintiff's claim is time-barred.

The scope of review for an interlocutory appeal brought under Illinois Supreme Court Rule 308 is strictly limited to the certified question. *In re Estate of Williams*, 366 Ill. App. 3d 746, 748 (2006). Because the question certified by the trial court must be a question of law, the applicable standard of review is *de novo*. *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 58 (2007).

"The cardinal rule of interpreting statutes, to which all other canons and rules are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature." *Ferguson v. McKenzie*, 202 Ill. 2d 304, 311 (2001). "The starting point is always the language of the statute, which is the best indication of the intent of the drafters." *Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago*, 213 Ill. 2d 1, 7 (2004). "When this language is unambiguous, the law is to be enforced as enacted by the legislature." *Paszkowski*, 213 Ill. 2d at 7. "Where there is an alleged conflict between two statutes, a court has a duty to interpret those statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible." *Ferguson*, 202 Ill. 2d at 311-12. "However, legislative intent remains the primary inquiry and controls the court's interpretation of a statute." *Ferguson*, 202 Ill. 2d at 312. "Traditional rules of statutory interpretation are merely aids in determining legislative intent, and those rules must yield to such intent." *Ferguson*, 202 Ill. 2d at 312.

"The sovereign immunity of governmental entities in tort actions was abolished in Illinois by this court's 1959 decision in *Molitor v. Kaneland Community Unit District No. 302*, 18 Ill. 2d 11, 20 (1959)." *Zimmerman v. Village of Skokie*, 183 Ill. 2d 30, 43 (1998).

4

"In response to [the] *Molitor* decision, the Illinois General Assembly in 1965 enacted the [Tort Immunity Act] [citation]." *Zimmerman*, 183 Ill. 2d at 43. "[T]he [Tort Immunity Act] adopted the general principle from *Molitor* 'that local governmental units are liable in tort but limited this with an extensive list of immunities based on specific government functions.' *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 506 (1990)." *Zimmerman*, 183 Ill. 2d at 43.

The statute of limitations found in section 8-101(a) of the Tort Immunity Act states, in relevant part, as follows:

"No civil action *** may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a) (West 2006).

See also 745 ILCS 10/8-101(c) (West 2006) ("[T]he term 'civil action' includes any action, whether based upon the common law or statutes or Constitution of this State."). However, section 2-101 of the Tort Immunity Act provides, in pertinent part, as follows:

"Nothing in this Act affects the right to obtain relief other than damages against a local public entity or public employee. Nothing in this Act affects the liability, if any, of a local public entity or public employee, based on:

a). Contract;

b). Operation as a common carrier; ***

c). The 'Workers' Compensation Act' ***;

d). The 'Workers' Occupational Diseases Act' ***;

e). Section 1-4-7 of the 'Illinois Municipal Code' ***." 745 ILCS 10/2-101(a),

(b), (c), (d), (e) (West 2006).

Section 1-4-7 of the Municipal Code provides for liability for the removal,

5

destruction, or vacation of unsafe or unsanitary buildings and provides as follows:

> "The municipality shall be liable for any injury occasioned by actionable wrong to property by the removal, destruction or vacation, in whole or in part, of any unsafe or unsanitary building, by any municipal officer, board or employee charged with authority to order or execute such removal, destruction or vacation, if such removal, destruction or vacation is pursuant to valid statutes, ordinances or regulations, and if such officer, board or employee has acted in good faith, with reasonable care and probable cause." 65 ILCS 5/1-4-7 (West 2006).

Section 1-4-7 of the Municipal Code forms the basis of the plaintiff's action here.

In *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 256 (2004), the supreme court concluded that the plaintiffs sought "relief other than damages," as set forth in the first sentence of section 2-101 of the Tort Immunity Act and that, therefore, the plaintiffs' cause of action was excluded from the Tort Immunity Act. *Raintree Homes, Inc.*, 209 Ill. 2d at 258. The supreme court held that because the plaintiffs' claim was excluded from the Tort Immunity Act, the one-year statute of limitations contained in section 8-101 of the Tort Immunity Act was inapplicable and did not bar the plaintiffs' amended complaint. *Raintree Homes, Inc.*, 209 Ill. 2d at 261.

In *Raintree Homes, Inc.*, the plaintiffs' action seeking relief other than damages was excluded from the Tort Immunity Act pursuant to the first sentence of section 2-101 of the Tort Immunity Act. Likewise, in the present case, the plaintiff's action, seeking relief pursuant to section 1-4-7 of the Municipal Code, is excluded from the Tort Immunity Act pursuant to subsection (e) of section 2-101 of the Tort Immunity Act (745 ILCS 10/2-101(e) (West 2006)). See *Raintree Homes, Inc.*, 209 Ill. 2d at 255 (the court enumerated the full list of "exceptions to the [Tort Immunity] Act" found in section 2-101, making no distinction between the exception found in the first sentence and the exceptions delineated by letter).

6

Accordingly, in deference to the supreme court's decision in *Raintree Homes, Inc.*, we find that section 2-101(e) of the Tort Immunity Act excludes the plaintiff's wrongful-demolition action from the time limitations set forth in section 8-101(a) of the Tort Immunity Act. See *Raintree Homes, Inc.*, 209 Ill. 2d at 261. We recognize that the supreme court has held that the legislature intended the statute of limitations found in section 8-101(a) of the Tort Immunity Act to apply broadly to any potential claim against a local governmental entity and its employees, and therefore, this type of comprehensive protection necessarily controls over other statutes of limitations. *Paszkowski*, 213 Ill. 2d at 12-13; *Ferguson*, 202 Ill. 2d at 312; *Tosado v. Miller*, 188 Ill. 2d 186, 194-95 (1999) (plurality opinion). However, in *Raintree Homes, Inc.*, the supreme court answered in the affirmative the precise question we are asked here: whether section 2-101 of the Tort Immunity Act operates to exclude the enumerated actions from the time limitation set forth in section 8-101(a) of the Tort Immunity Act. We are thus bound to follow its decision.

We apply the supreme court's reasoning in *Raintree Homes, Inc.*, despite the conflicting reasoning of this court in *Cooper v. Bi-State Development Agency*, 158 Ill. App. 3d 19 (1987). In *Cooper*, this court held that although section 2-101(b) of the Tort Immunity Act preserved an action against a local public entity acting as a common carrier, it was not intended to remove that defendant from the specific notice requirements of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 8-102). *Cooper*, 158 Ill. App. 3d at 25. Instead, this court held that section 2-101 of the Tort Immunity Act merely preserved the standard of care to which the defendant must adhere to avoid liability. *Cooper*, 158 Ill. App. 3d at 25; see *Slaughter v. Rock Island County Metropolitan Mass Transit District*, 275 Ill. App. 3d 873, 874-75 (1995) (the court concluded, as did the court in *Cooper*, that the use of the term "liability" in section 2-101 of the Tort Immunity Act simply preserved the standard of care, and the court applied the Tort Immunity Act's one-year limitation period). The

7

*Cooper* court concluded that because the plaintiff failed to comply with the notice requirements of the Tort Immunity Act, her action against the defendant had been properly dismissed with prejudice. *Cooper*, 158 Ill. App. 3d at 25; see also *McClintock v. Bi-State Development Agency*, 228 Ill. App. 3d 382, 385 (1992) (this court followed the reasoning in *Cooper* to reject the defendant's argument that the notice requirements in the Tort Immunity Act were inapplicable as a matter of law by virtue of section 2-101(b) of the Tort Immunity Act because the action sought to impose liability for the defendant's operation as a common carrier).

To the extent that the reasoning in *Cooper* and *McClintock* conflicts with the supreme court's reasoning in *Raintree Homes, Inc.*, we hereby abandon it. Instead, we find that because section 2-101(e) of the Tort Immunity Act excludes the plaintiff's wrongful-demolition action from the provisions of the Tort Immunity Act, the one-year statute of limitations found in section 8-101(a) of the Tort Immunity Act does not apply to bar the plaintiff's action. See *Raintree Homes, Inc.*, 209 Ill. 2d at 261; see also *Paszkowski*, 213 Ill. 2d at 16 (Fitzgerald, J., dissenting, joined by Kilbride and Rarick, JJ.) ("[T]he Tort Immunity Act itself does not evince a categorical legislative intent that section 8-101 necessarily controls over other express statutes of limitations. Section 2-101 of the [Tort Immunity] Act excludes certain claims from the Act. [Citation.] *** The legislature intended for the statutes of limitation for claims listed in the enumerated exceptions of section 2-101 to remain intact" as held in *Raintree Homes, Inc.*, where "we implicitly restricted section 8-101's use of the term 'any action' to give effect to the enumerated exceptions in section 2-101.").

CONCLUSION

For the foregoing reasons, we answer the certified questions as follows:

A. No. The one-year statute of limitations contained in section 8-101(a) of the

Tort Immunity Act does not apply to a cause of action for damages brought pursuant to section 1-4-7 of the Municipal Code.

B. Yes. The language contained in section 2-101(e) of the Tort Immunity Act, stating, "Nothing in this Act affects the liability, if any, of a local public entity or public employee, based on *** Section 1-4-7 of the 'Illinois Municipal Code,' " obviates the application of the Tort Immunity Act's one-year statute of limitations to the plaintiff's wrongful-demolition action pursuant to section 1-4-7 of the Municipal Code.

C. No. The plaintiff's cause of action alleged in the complaint is not barred by the one-year limitations period contained in section 8-101(a) of the Tort Immunity Act.

Certified questions answered; cause remanded.

NO. 5-09-0675

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| HARVEST CHURCH OF OUR LORD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 07-L-89 |
| | ) | |
| THE CITY OF EAST ST. LOUIS, ILLINOIS, | ) | Honorable |
| | ) | Lloyd A. Cueto, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Opinion Filed**: February 10, 2011

**Justices**: Honorable James M. Wexstten, J.

Honorable Melissa A. Chapman, P.J., and
Honorable Richard P. Goldenhersh, J.,
Concur

**Attorneys for Appellant**: William P. Hardy, Hinshaw & Culbertson LLP, 400 South Ninth Street, Suite 200, Springfield, IL 62701; Chad A. Jennings, Kathryn E. Crossley, Hinshaw & Culbertson LLP, 521 West Main Street, Suite 300, Belleville, IL 62222

**Attorney for Appellee**: George R. Ripplinger, Ripplinger & Zimmer, LLC, 2215 West Main Street, Belleville, IL 62226-6692