WILLIAM HAPANIEWSKI, Plaintiff-Appellant, v. THE CITY OF CHICAGO HEIGHTS, Defendant-Appellee.

First District (5th Division)   No. 84—0902

Opinion filed May 6, 1988.

William Hapaniewski, of Merrillville, Indiana, appellant *pro se.*

No brief filed for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This cause comes before this court on the mandate of the United States Supreme Court issued on October 5, 1987, in the case of *Hapaniewski v. City of Chicago Heights* (1987), ____ U.S. ____, 98 L. Ed. 2d 17, 108 S. Ct. 53. In an earlier opinion, this court affirmed an order of the circuit court of Cook County dismissing the cause. *Hapeniewski v. City of Chicago Heights* (1985), 147 Ill. App. 3d 528, 497 N.E.2d 97.

This cause arose from the demolition of a building, owned by

plaintiff William Hapaniewski, by defendant City of Chicago Heights (city) in July 1977. The demolition order was later held void and illegal. In 1981, plaintiff filed a five-count complaint for damages alleging, among other things, that his building was demolished without due process and in violation of section 1983 of the Federal Civil Rights Act (42 U.S.C. §1983 (1981)). On March 13, 1984, the trial court granted the city's motion to dismiss the complaint on the grounds that the two-year statute of limitations contained in the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) was applicable. (Ill. Rev. Stat. 1983, ch. 85, par. 8—101.) Plaintiff had contended that the appropriate limitations period was five years as provided in section 13—205 of the Illinois Code of Civil Procedure; section 13—205 is a residual statute of limitations that covers, in part, actions to recover damages for an injury done to property and, also, all civil actions not otherwise provided for. Ill. Rev. Stat. 1983, ch. 110, par. 13—205, replacing Ill. Rev. Stat. 1981, ch. 83, par. 16.

The trial court's dismissal was affirmed by this appellate court. Plaintiff's petition for leave to appeal was denied by the Illinois Supreme Court, after which he sought and was granted a writ of *certiorari* by the United States Supreme Court. In a summary decision in October 1987, the Supreme Court vacated this court's judgment and remanded the cause for further consideration in light of its decision in *Goodman v. Lukens Steel Co.* (1987), 482 U.S. 656, 96 L. Ed. 2d 572, 107 S. Ct. 2617. The city was also ordered to pay to plaintiff filing costs for the writ of *certiorari*. As of this date, the city has not yet paid the costs.

We reject the city's contention that our earlier decision was in accordance with *Goodman* and, upon reconsideration, vacate our previous judgment.

■■ ■ The Federal Civil Rights Act contains no statute of limitations. In *Wilson v. Garcia* (1985), 471 U.S. 261, 85 L. Ed. 2d 254, 105 S. Ct. 1938, the Supreme Court held that Federal courts must apply the most appropriate or analogous State statute of limitations for personal injury actions to all section 1983 claims. In *Goodman v. Lukens Steel Co.* (1987), 482 U.S. 656, 96 L. Ed. 2d 572, 107 S. Ct. 2617, the Court determined the scope of the *Wilson* holding. It noted that although it is the general rule that Federal cases should be decided according to the law existing at the time of decision, nonretroactivity as to statutes of limitations is proper in certain circumstances. One such circumstance occurs when a decision overrules clear precedent on which the complainant was entitled to rely. The *Goodman* court ap-

plied the *Wilson* rule retroactively, holding that the timeliness of the plaintiffs' claims should be determined by application of Pennsylvania's two-year statute of limitations governing personal injuries. It based this decision on the fact that there was no clear precedent in Pennsylvania regarding which limitations period to use and upon which plaintiffs could have relied when they filed their suit in 1973. See also *Chevron Oil Co. v. Huson* (1971), 404 U.S. 97, 30 L. Ed. 2d 296, 92 S. Ct. 349 (three-part test to determine retroactivity).

■ However, in Illinois, unlike Pennsylvania, all section 1983 cases had been subject to a five-year statute of limitations before the *Wilson* decision. See *Beard v. Robinson* (7th Cir. 1977), 563 F.2d 331, *cert. denied sub nom. Mitchell v. Beard* (1978), 438 U.S. 907, 57 L. Ed. 2d 1149, 98 S. Ct. 3125 (claims under Civil Rights Act are not common law torts and are governed by the Illinois five-year statute of limitations applicable to all causes of action that do not contain their own limitations period); see also *Rovenhagen v. Webber* (1986), 143 Ill. App. 3d 954, 493 N.E.2d 734.

Therefore, it is apparent that there was clear precedent in Illinois establishing a five-year statute of limitations for civil rights actions and upon which plaintiff could reasonably rely.

Accordingly, based on the *Goodman* analysis, we vacate our 1985 order and remand this cause to the trial court with directions to apply the section 13—205 statute of limitations (Ill. Rev. Stat. 1983, ch. 110, par. 13—205) to the count asserting a civil rights violation and, further, if payment has not been made to enter judgment against the city as to the costs assessed it by the Supreme Court.

Vacated and remanded.

SULLIVAN and PINCHAM, JJ., concur.