AMY J. SLAUGHTER, Plaintiff-Appellant, v. ROCK ISLAND COUNTY METROPOLITAN MASS TRANSIT DISTRICT, Defendant-Appellee.

Third District    No. 3—95—0049

Opinion filed October 17, 1995.

Deutsch & Deutsch, of Rock Island (Sidney S. Deutsch, of counsel), for appellant.

Bernard C. Gillman, City Attorney, of Rock Island, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The plaintiff-appellant, Amy J. Slaughter (plaintiff), brought a negligence action against defendant-appellee, Rock Island County Metropolitan Mass Transit District (defendant), for injuries sustained when a bus operated by defendant collided with plaintiff's vehicle causing personal injury. The trial court granted defendant's motion to dismiss, finding plaintiff's action was barred by the one-year statute of limitations found in section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act or Act) (745 ILCS 10/8—101 (West 1994)). Plaintiff appeals, contending the general two-year statute of limitations for personal injury actions applies. (See 735 ILCS 5/13—202 (West 1994).) We disagree.

Plaintiff's accident occurred on March 19, 1993. More than a year later, on August 12, 1994, plaintiff filed her complaint. On November 1, 1994, the trial court granted defendant's motion to dismiss. The trial court's dismissal order stated defendant was subject to the Tort Immunity Act, defendant was subject to the one-year statute of limitations contained in the Tort Immunity Act, and plaintiff's action was barred because she did not file her complaint within the one-year period.

The trial court relied on *Cooper v. Bi-State Development Agency* (1987), 158 Ill. App. 3d 19, 510 N.E.2d 1288, when reaching its decision. In *Cooper*, the court found that a common carrier (other than the Chicago Transit Authority) was not excepted from the Tort Immunity Act notice provision (subsequently repealed) by the terms of section 2—101(b) of the Act (745 ILCS 10/2—101(b) (West 1994)). In the instant case, the trial court accepted the proposition, by analogy, that if a common carrier is to be included as to the notice requirement, then it logically should be included as to the statute of limitations requirement. We agree.

On appeal, plaintiff contends defendant is exempt from the Tort Immunity Act and the statute of limitations provision contained therein. In so arguing, plaintiff urges us to disregard *Cooper* and look to the plain meaning of the language in the statute. We decline to do so as we believe *Cooper* was decided correctly. However, even if we look to the language of the statute, our analysis and decision remain the same.

Section 2—101(b) of the Act states in pertinent part: "Nothing in this Act affects the liability if any, of a local public entity *** based on *** [o]peration as a common carrier." (745 ILCS 10/2—101(b) (West 1994).) The *Cooper* court, when interpreting the term "liability," stated: "By providing that nothing in the Tort Immunity Act affects defendant's liability based upon operation as a common carrier, defendant is not 'exempt' from the Act. This provision preserves the standard of care to which defendant must adhere in order to avoid liability." *Cooper*, 158 Ill. App. 3d at 25, 510 N.E.2d at 1292 (discussing the highest degree of care a common carrier owes to its passengers).

The wording in the latter portion of section 2—101(b) lends support to this finding. Section 2—101(b) further states: "[T]his Act does not apply to any entity organized under or subject to the 'Metropolitan Transit Authority Act.' " (745 ILCS 10/2—101(b) (West 1994).) This portion of section 2—101(b) was enacted apparently to exempt the Chicago Transit Authority (CTA) from the provisions of the Tort Immunity Act. (See *Fujimura v. Chicago Transit Authority* (1977), 67 Ill. 2d 506, 514, 368 N.E.2d 105, 108.) If plaintiff is correct in asserting that defendant, an entity not organized under the Metropolitan Transit Authority Act, is also exempt from the Act, then there would be no reason for the legislature to enact the special provision specifically exempting the CTA from the Act. The legislature must have intended something different than exemption when it used the term "liability" in reference to common carriers (other than the CTA). We find, as did the court in *Cooper*, that the use of the term "liability" here simply preserves the standard of care imposed upon common carriers as to its passengers.

We note that when defining the term "liability" in section 2—101(b), some courts have concluded that the notice requirement is substantive in nature, which affects liability, whereas the statute of limitations requirement is procedural in nature, which does not affect liability. (See *Hapeniewski v. City of Chicago Heights* (1986), 147 Ill. App. 3d 528, 497 N.E.2d 97; see also *Schear v. City of Highland Park* (1968), 104 Ill. App. 2d 285, 244 N.E.2d 72 and *Hecko v. City of Chicago* (1975), 25 Ill. App. 3d 572, 323 N.E.2d 595.) If we accept this contention as true, then *Cooper*, a notice provision case, would either be distinguishable or in error. The *Cooper* court distinguished that line of cases as not involving claims against public entities operating as common carriers. See *Cooper*, 158 Ill. App. 3d at 25, 510 N.E.2d at 1292.

We, however, see no practical reason for distinguishing the effect of a notice provision from the effect of a statute of limitations provi-

sion. Both require a plaintiff to take some sort of action within a specified time period and both affect plaintiff's cause of action if not followed. Neither affects the common carrier's liability as to the highest degree of care it owes its passengers. We accept the proposition by analogy, as did the trial court, that if a common carrier is to be included as to the notice requirement, then it should also be included as to the statute of limitations requirement. However, even if we were to agree with the substantive/procedural distinction, we would reach the same result because the instant case, a statute of limitations provision case, would be procedural in nature and thus would not affect liability.

This does not, however, end our discussion. Plaintiff finally contends the United States Supreme Court case of *Hapeniewski v. City of Chicago Heights* (1987), 484 U.S. 806, 98 L. Ed. 2d 17, 108 S. Ct. 53, in effect, overrules *Cooper*. In *Hapeniewski*, the plaintiff filed an action for wrongful demolition of a building. Plaintiff's five-count complaint alleged, *inter alia*, a violation of section 1983 of the Civil Rights Act (42 U.S.C.A. § 1983 (West 1981)). The trial court granted the city's motion to dismiss, finding all counts were barred by the two-year statute of limitations period found in section 8—101 of the Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8—101 (now the one-year period found in 745 ILCS 10/8—101 (West 1994)). The appellate court affirmed. See *Hapeniewski v. City of Chicago Heights* (1985), 147 Ill. App. 3d 528, 497 N.E.2d 97.

Plaintiff's petition for leave to appeal was denied by the Illinois Supreme Court, after which he sought and was granted a writ of *certiorari* by the United States Supreme Court. In a summary opinion, the Court vacated the first district's decision and remanded for further consideration in light of *Goodman v. Lukens Steel Co.* (1987), 482 U.S. 656, 96 L. Ed. 2d 572, 107 S. Ct. 2617. *Goodman* dealt with the issue of what State statute of limitations provision applies to a Federal civil rights action, not to a common law State action.

On remand, the first district, based on the *Goodman* analysis, held that the five-year statute of limitations provision, not the two-year provision in the Tort Immunity Act, applied only to the count asserting a civil rights violation. (*Hapeniewski v. City of Chicago Heights* (1988), 169 Ill. App. 3d 945, 524 N.E.2d 614.) It is apparent from the *Hapeniewski* decisions that the United States Supreme Court was only addressing the count alleging a Federal civil rights violation. Therefore, *Cooper* remains "good law" in cases alleging State actions such as the common law negligence claim in the present case.

A reading of section 8—101 of the Tort Immunity Act (745 ILCS

10/8—101 (West 1994)) in its current form lends credence to our reading of the *Hapeniewski* decisions. After *Hapeniewski*, the legislature amended section 8—101 to include the following definition of the term "civil action" as it pertains to the one-year statute of limitations provision: "[T]he term 'civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." (745 ILCS 10/8—101 (West 1994).) The plain meaning of this amendment to the Act is that Federal actions against public entities no longer fall within the provisions of the Tort Immunity Act. Consequently, *Hapeniewski* affects neither *Cooper* nor our decision today.

For the foregoing reasons, the judgment of the circuit court of Henry County is affirmed.

Affirmed.

SLATER and HOLDRIDGE, JJ., concur.