JOSHUA A. HENRICH, by his Mother and Next Friend, Judith Henrich, Plaintiff-Appellant, v. LIBERTYVILLE HIGH SCHOOL *et al.*, Defendants-Appellees and Counterdefendants-Appellees (Justin Burg, Defendant and Counterplaintiff-Separate Appellant).

Second District   No. 2—96—0561

Opinion filed May 8, 1997.

Scott B. Gibson, of Law Offices of Scott B. Gibson, Ltd., of Waukegan, for appellants Joshua A. Henrich and Judith Henrich.

Leo J. Sullivan III, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellant Justin Burg.

Stacey L. Seneczko, of Brydges, Riseborough, Petersen, Franke & Morris, of Waukegan, for appellees.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiff, Joshua A. Henrich, by his mother and next friend, Judith Henrich, filed a three-count complaint in the circuit court of Lake County seeking damages for personal injuries. Counts I and II of the complaint were directed against defendants Libertyville High School (the High School) and Libertyville High School District 128 (collectively, the District). Count I alleged willful and wanton misconduct. Count II alleged negligence. Count III was directed against defendant Justin Burg and alleged negligence. Burg subsequently filed a counterclaim for contribution against the District.

The circuit court granted the District's motion to dismiss counts I and II on the ground that the District was immune from liability under section 3—108 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3—108 (West 1994)). The court also dismissed Burg's counterclaim against the District.

Plaintiff appeals the dismissal of counts I and II of his complaint. Burg appeals the dismissal of his counterclaim. The issues raised on appeal are: (1) whether the trial court erred when it dismissed count I of plaintiff's complaint because section 24—24 of the School Code (105 ILCS 5/24—24 (West 1994)) governs this case instead of section 3—108 of the Tort Immunity Act, and under section 24—24 the District did not have immunity with respect to the alleged willful and wanton misconduct; and (2) whether the trial court erred when it dismissed Burg's counterclaim for contribution.

Plaintiff's complaint alleged the following. On February 14, 1994, plaintiff underwent spine fusion surgery for a low back medical condition. On September 2, 1994, the physician who performed the surgery on plaintiff wrote a letter advising plaintiff that he was permanently restricted from participating in contact sports "such as wrestling and football in gym class at school." On and before January 25, 1995, the District had received a copy of the doctor's letter and also had actual knowledge of plaintiff's medical condition and the permanent restrictions on his activities with respect to physical education classes.

Plaintiff's complaint further alleged the following. On February 2, 1995, plaintiff was a 17-year-old student at the High School. On that date, an agent or employee of the District required plaintiff to play and participate in a game of water basketball during a physical education class in the pool area of the High School. The District knew or should have known that water basketball involved physical contact between the players. Plaintiff was severely and permanently injured while participating in the water basketball game.

Count I of plaintiff's complaint asserted that the District required, allowed, or failed to prohibit plaintiff's participation in the water basketball game, knowing that the game involved physical contact and knowing of plaintiff's medical condition and/or the restrictions on his activities due to his medical condition. Count I further asserted that the District allowed Burg, a fellow student, to participate in the water basketball game knowing that Burg was a particularly rough player. Count I claimed that the District's acts constituted willful and wanton misconduct which proximately caused plaintiff's injuries.

Count II of plaintiff's complaint reiterated the alleged acts by the District set out in count I and added that the District assigned a non-certified or inadequately trained substitute teacher to the physical education class and failed to adequately supervise the class. Count II claimed that the District's acts constituted negligent conduct which proximately caused plaintiff's injuries.

The District responded to the complaint by filing a combined motion to dismiss the complaint pursuant to section 2—619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2—619.1 (West 1994)). One of the two parts of the District's combined motion was pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 1994)). The section 2—619 part of the motion sought the dismissal of counts I and II of the complaint on the ground that the District was immune from liability under sections 3—108(a) and 3—109 of the Tort Immunity Act (745 ILCS 10/3—108(a), 3—109 (West 1994)).

The other part of the District's combined motion to dismiss the complaint was pursuant to section 2—615 of the Code (735 ILCS 5/2—615 (West 1994)). The section 2—615 part of the motion sought the dismissal of count I of the complaint on the ground that count I failed to plead adequately that the District's conduct was willful and wanton.

Burg filed an answer to count III of the complaint. Burg later filed a counterclaim for contribution against the District.

The circuit court first partially disposed of the District's combined motion to dismiss the complaint by denying the section 2—615 part of the motion and continuing the section 2—619 part of the motion. The court next issued an order granting the District's motion to dismiss count II only. The court based its ruling on a determination that the District was immune from negligence actions under the Tort Immunity Act.

In a subsequent order, the circuit court granted the District's motion to dismiss count I. The court based its ruling on a finding that section 3—108 of the Tort Immunity Act provided immunity to the

District for claims alleging willful and wanton misconduct as well as claims alleging negligence. In the same order, the court dismissed Burg's counterclaim for contribution against the district. The order noted that count III of plaintiff's complaint against Burg remained pending. The order further stated that the court's prior order dismissing count II and the present order were final and appealable.

Plaintiff appealed from the orders granting the District's motion to dismiss counts I and II. However, on appeal, plaintiff contests only the dismissal of count I. Burg appealed from the order dismissing his counterclaim against the District. We will first address plaintiff's appeal.

The ultimate issue before us with respect to plaintiff's appeal is whether the District was immune from liability even if, as plaintiff's complaint alleged, the District engaged in willful and wanton misconduct. The resolution of this issue depends on whether, as plaintiff contends, section 24—24 of the School Code was the controlling statute or whether, as the District contends and the trial court concluded, section 3—108(a) of the Tort Immunity Act was also applicable.

■ The parties do not dispute the immunity provided by the two statutes. Section 24—24 of the School Code has been interpreted to provide immunity for negligent, improper supervision by a teacher and certain other educational employees as to school activities, but not to provide immunity for willful and wanton misconduct related to such supervision. *Kobylanski v. Chicago Board of Education*, 63 Ill. 2d 165, 173 (1976). Section 3—108(a) of the Tort Immunity Act provides immunity for both negligent conduct and willful and wanton misconduct in situations in which it applies. *Barnett v. Zion Park District*, 171 Ill. 2d 378, 391 (1996).

■ Section 3—108(a) of the Tort Immunity Act provides, in pertinent part:

"[N]either a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property." 745 ILCS 10/3—108(a) (West 1994).

The Tort Immunity Act defines "local public entity" by setting out a list of such entities which specifically includes a "school district." 745 ILCS 10/1—206 (West 1994). Plaintiff concedes that "public property," as those terms are used in section 3—108(a), includes public schools.

Therefore, under the plain and unambiguous language of the Tort Immunity Act, a public school district is not liable "for an injury caused by a failure to supervise an activity on or the use of" a public school. A "failure to supervise," as used in section 3—108(a), encompasses improper supervision. See *Barnett*, 171 Ill. 2d at 392.

In this case, plaintiff asserts that his injury occurred "due to improper supervision" of his "in-classroom" activities, in that he was injured during a supervised gym class. Thus, on its face, section 3—108(a) applies to the facts of this case to provide immunity to the District because the conduct in question was alleged improper supervision of an activity that occurred in a public school.

Plaintiff does not really dispute the facial application of section 3—108(a) to the facts of this case. Rather, plaintiff contends that section 24—24 of the School Code effectively supersedes the Tort Immunity Act as to what immunities apply in situations involving alleged improper supervision in a school setting, particularly with respect to mandatory classroom activities. In plaintiff's view, section 3—108(a) of the Tort Immunity Act does not apply in this case because this case involves improper supervision in a required school class and such situations are governed exclusively by section 24—24 of the School Code.

In support of his position, plaintiff first cites a line of supreme court cases in which the court applied section 24—24 (and a different but analogous section) of the School Code to determine whether the defendants in those cases were immune from liability for alleged negligent conduct and/or willful and wanton misconduct related to the supervision of students during school activities. Plaintiff contends that these cases (*Kobylanski v. Chicago Board of Education*, 63 Ill. 2d 165 (1976), *Gerrity v. Beatty*, 71 Ill. 2d 47 (1978), *Palmer v. Mt. Vernon Township High School District 201*, 169 Ill. 2d 551 (1996)) stand for the proposition that section 24—24 of the School Code governs the immunity available to defendants in cases such as this case, *i.e.*, cases alleging negligence or willful and wanton misconduct arising from the teacher-student relationship and involving the exercise of a teacher's personal supervision and control over the conduct or physical movement of a student. Citing the same cases, plaintiff asserts that, in such situations, the supreme court has repeatedly affirmed that defendant school districts are entitled to immunity only as to negligent supervision, but not as to willful and wanton misconduct.

The District responds that the cases cited by plaintiff do not control this case because the defendants in the cited cases did not seek immunity under the Tort Immunity Act. The District notes that, unlike the defendants in the cited cases, it relied on the Tort Immunity Act for immunity. The District asserts that the Tort Immunity Act plainly provides that its immunities are available to school districts and therefore the cases cited by plaintiff are inapplicable.

■ We agree with plaintiff's contention that *Kobylanski, Gerrity,*

and *Palmer* hold that section 24—24 applies to cases of alleged improper supervision of a student by a teacher. However, we also agree with the District that those cases do not hold that the Tort Immunity Act is inapplicable to cases alleging improper supervision in a public school. *Kobylanski, Gerrity*, and *Palmer* simply did not address the applicability of the Tort Immunity Act to provide immunity for defendants in such settings. Consequently, those cases do not support plaintiff's position.

■ Plaintiff next contends that section 24—24 of the School Code is the controlling statute in this case rather than section 3—108(a) of the Tort Immunity Act because section 24—24 is more specific than section 3—108(a). Plaintiff asserts that it is a well-known and long-accepted rule of statutory construction that a specific statute prevails over a general statute.

However, plaintiff does not adequately explain how section 24—24 is more specific than section 3—108(a). Section 24—24 provides that teachers and other educational employees must maintain discipline in schools and on school grounds. 105 ILCS 5/24—24 (West 1994). Section 24—24 further provides that teachers and other educational employees "stand in the relation of parents and guardians to the pupils" in matters relating to discipline. 105 ILCS 5/24—24 (West 1994).

Based on the parental-like relationship between teachers and pupils set out in section 24—24, courts have construed section 24—24 to mean that teachers and certain other employees have the same immunity with respect to supervising pupils that parents have with respect to supervising their children, *i.e.*, immunity from negligent conduct, but not from willful and wanton misconduct. See, *e.g., Kobylanski*, 63 Ill. 2d at 172-73. Thus, section 24—24 does not expressly provide any immunity; rather, whatever immunity section 24—24 provides arises indirectly from the *in loco parentis* relationship of teachers and other educational employees with students. Moreover, any immunity provided to a school district by section 24—24 is vicarious in that it is derived from the immunity provided to teachers and other educational employees. *Sidwell v. Griggsville Community Unit School District No. 4*, 146 Ill. 2d 467, 472-73 (1992).

On the other hand, one of the specified purposes of the Tort Immunity Act is to provide immunity from liability to local government entities such as school districts. 745 ILCS 10/1—101.1, 1—206 (West 1994). Thus, with respect to the immunity provided to a school district, section 3—108(a) of the Tort Immunity Act is much more direct and specific than section 24—24 of the School Code. Consequently, plaintiff's argument that section 24—24 is controlling because it is more specific than section 3—108(a) is unavailing.

Even if plaintiff were correct regarding the specificity of the statutes, there is another reason why section 24—24 is not controlling with respect to section 3—108(a). It is well established that the School Code and the Tort Immunity Act are to be interpreted independently of each other. *Bowers v. Du Page County Regional Board of School Trustees District No. 4*, 183 Ill. App. 3d 367, 377 (1989).

*Bowers* involved, *inter alia*, alleged negligence on the part of a school district in supplying equipment used in a gym class. 183 Ill. App. 3d at 376. This court determined that the School Code did not provide immunity to the school district for the alleged negligence, but that sections 2—109 and 2—201 of the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, pars. 2—109, 2—201) provided such immunity to the school district.

Similarly, in this case it is undisputed that the School Code does not provide immunity to the District for willful and wanton misconduct. However, section 3—108(a) of the Tort Immunity Act does provide such immunity. Because these statutes are to be interpreted independently, the District can avail itself of the immunity provided by section 3—108(a).

We note that this court has held that section 3—108(a) of the Tort Immunity Act applies to at least some situations involving the supervision of students during school activities. In *Payne v. Lake Forest Community High School District 115*, 268 Ill. App. 3d 783 (1994), this court held that section 3—108(a) provides immunity to a school district from liability for alleged willful and wanton misconduct related to alleged improper supervision by a school district employee of high school students working on a school talent show. Plaintiff attempts to distinguish *Payne* from this case because *Payne* did not address the applicability of the School Code and did not involve the supervision of students during a required class.

Both in his reading of *Payne* and in his general position, plaintiff essentially requests that we construe section 3—108(a) so that the immunity it provides is not available to school districts facing allegations of willful and wanton misconduct related to the improper supervision of a student in a required class. Plaintiff asserts that unless we construe section 3—108(a) in that way school districts will have blanket immunity for any misconduct, including willful and wanton misconduct, in abrogation of the School Code.

The fundamental canon of statutory construction is to ascertain and give effect to the intention of the legislature. *Nottage v. Jeka*, 172 Ill. 2d 386, 392 (1996). The best indicator of legislative intent is the language of the statute when given its plain and ordinary meaning. *People v. Tucker*, 167 Ill. 2d 431, 435 (1995). Where the language of a

statute is clear and unambiguous, we must give it effect as written, without reading into it exceptions, limitations, or conditions that the legislature did not express. *Garza v. Navistar International Transportation Corp.*, 172 Ill. 2d 373, 378 (1996).

Under the plain and unambiguous language of section 3—108(a), a school district is not liable for injuries caused by improper supervision of an activity on public property. 745 ILCS 10/3—108(a) (West 1994). The legislature did not express any exceptions to the immunity provided by section 3—108(a). Therefore, under the above principles, we may not read an exception into the language of section 3—108(a) for alleged improper supervision by a teacher that occurred in a required class.

We realize that our decision may be perceived as potentially leading to harsh results in that students injured during supervised activities in public schools will no longer be able to recover from a school district even if the school district engaged in willful and wanton misconduct related to the supervision of the activity. However, we are constrained to accept and follow the clear dictates of the legislature as expressed in section 3—108(a). If, as a matter of public policy, or for some other reason, the legislature wished to express an exception to the immunity provided by section 3—108(a) in situations involving improper supervision in a public school classroom, it could have done so. It has not expressed such an exception, and we may not construe section 3—108(a) to provide such an exception.

For these reasons, we conclude that the trial court did not err when it ruled that the immunity provided by section 3—108(a) of the Tort Immunity Act was available to the District. Because section 3—108(a) provides immunity for willful and wanton misconduct, the trial court correctly granted the District's motion to dismiss count I of plaintiff's complaint.

We now turn to Burg's appeal. Burg contends that the trial court erred when it dismissed his contribution action against the District because (1) Illinois case law allows such actions; and (2) the statute that provides for several liability precluded the dismissal of his action.

■ As to the contention of error based on Illinois case law, Burg has not cited, and our research has not revealed, any Illinois case that has held that a party can maintain a contribution action against a local public entity that is immune from suit. On the contrary, Illinois cases have consistently held that a local public entity may assert immunities provided by the Tort Immunity Act to bar a contribution action. See, *e.g., Buell v. Oakland Fire Protection District Board*, 237 Ill. App. 3d 940 (1992); *McShane v. Chicago Investment*

*Corp.*, 190 Ill. App. 3d 357 (1989); *Martin v. Lion Uniform Co.*, 180 Ill. App. 3d 955 (1989); *Lietsch v. Allen*, 173 Ill. App. 3d 516 (1988). Burg has not pointed to anything in the record that persuades us to disregard these cases. Accordingly, we conclude that Illinois case law does not support Burg's argument that the trial court erred in dismissing his contribution action.

■ Burg next contends that the trial court erred when it dismissed his contribution action because section 2—1117 of the Code (735 ILCS 5/2—1117 (West Supp. 1995)), which provides, in part, that a defendant in an action seeking damages for bodily injury "is severally liable only," precluded the dismissal. Burg asserts that he must be allowed to maintain his contribution action to determine whether the immunities provided to the District by the Tort Immunity Act, if any, deprive him of his several liability under section 2—1117.

The District first responds that Burg has waived this issue because he did not raise it before the trial court. In his reply brief, Burg does not reply to the District's waiver argument. Our review of the record reveals nothing to indicate that Burg raised before the trial court the issue of whether section 2—1117 precluded dismissal of his contribution action.

Issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal. *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996). In this case, Burg has offered no explanation for his failure to raise the issue in the trial court. Accordingly, the issue of whether section 2—1117 of the Code precluded dismissal of Burg's contribution action is deemed waived.

For the reasons stated, we conclude that the trial court did not err when it dismissed Burg's contribution action.

Based on the foregoing, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

GEIGER, P.J., and RATHJE, J., concur.