# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Collins v. Town of Normal, 2011 IL App (4th) 100694**

---

| | |
|---|---|
| Appellate Court Caption | MARY COLLINS, Plaintiff-Appellant, v. THE TOWN OF NORMAL, a Municipal Corporation, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-10-0694 |
| Filed | July 22, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's complaint alleging retaliatory discharge was based on the Workers' Compensation Act and, therefore, the one-year statute of limitations in section 8-101(a) of the Tort Immunity Act did not apply. |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 09-L-148; the Hon. G. Michael Prall, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Nile J. Williamson (argued), of Peoria, for appellant.

Ellen K. Emery and Pedro Fregoso (argued), both of Ancel, Glink, Diamond, Bush, DiCianni & Drafthefer, of Chicago, for appellee.

Panel

JUSTICE COOK delivered the judgment of the court, with opinion.
Presiding Justice Knecht concurred in the judgment and opinion.
Justice Steigmann specially concurred, with opinion.

## OPINION

¶ 1     On September 22, 2009, plaintiff, Mary Collins, filed a complaint against defendant, the Town of Normal, her former employer, alleging she was discharged in retaliation for the exercise of her rights under the Illinois Workers' Compensation Act (Workers' Compensation Act) (820 ILCS 305/1 through 30 (West 2008)). After several amended complaints, the Town filed a motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2008)), arguing that plaintiff's complaint was barred by the one-year statute of limitations set out in section 8-101(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101(a) (West 2008)). On August 25, 2010, the trial court granted the Town's motion to dismiss. Plaintiff appeals, arguing that section 2-101(c) of the Tort Immunity Act (745 ILCS 10/2-101(c) (West 2008)) bars application of section 8-101(a) in this case. Section 13-205 of the Code of Civil Procedure imposes a five-year limitation period on "all civil actions not otherwise provided for." 735 ILCS 5/13-205 (West 2008). The Town recognizes that section 13-205 applies here if section 8-101 does not apply. We reverse and remand.

¶ 2                            I. BACKGROUND

¶ 3     Plaintiff alleges that on or about May 30, 2007, she sustained injuries in an accident related to her employment as a crime-scene technician/property manager. Plaintiff originally reported her work injuries to her supervisor on May 30 but was told not to fill out an incident report. On June 12, plaintiff requested her work partner mark her as "out sick." On June 14, plaintiff reported her work injuries to the Town's human resource department and was instructed to make a doctor's appointment. On June 27, plaintiff was verbally counseled, pursuant to department regulations, for the "[u]se of sick leave procedure, fictitious illness or injury reports."

¶ 4     As a result of her injuries, plaintiff received benefits under the Workers' Compensation Act. Plaintiff continued to work with weight restrictions. However, on December 14, she was

informed her position would not be renewed, effective April 1.

¶ 5                                            II. ANALYSIS

¶ 6                                        A. Standard of Review

¶ 7        A trial court's dismissal of a complaint under section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2008)) for failure to file a claim within the applicable statute of limitations is reviewed *de novo*. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 254, 807 N.E.2d 439, 443 (2004).

¶ 8                               B. Applicability of the Tort Immunity Act

¶ 9        Section 8-101 contains broad language, but section 2-101 contains broad language in the opposite direction.

¶ 10       Section 8-101 of the Tort Immunity Act (745 ILCS 10/8-101(a) (West 2008)) provides:

> "(a) No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued."

¶ 11       Section 2-101 of the Tort Immunity Act (745 ILCS 10/2-101 (West 2008)) provides:

> "Nothing in this Act affects the right to obtain relief other than damages against a local public entity or public employee. Nothing in this Act affects the liability, if any, of a local public entity or public employee, based on:
>
> a). Contract;
>
> b). Operation as a common carrier; and this Act does not apply to any entity organized under or subject to the 'Metropolitan Transit Authority Act', approved April 12, 1945, as amended;
>
> c). The 'Workers' Compensation Act', approved July 9, 1951, as heretofore or hereafter amended;
>
> d). The 'Workers' Occupational Diseases Act', approved July 9, 1951, as heretofore or hereafter amended;
>
> e). Section 1-4-7 of the 'Illinois Municipal Code', approved May 29, 1961, as heretofore or hereafter amended[;]
>
> f). The 'Illinois Uniform Conviction Information Act', enacted by the 85th General Assembly, as heretofore or hereafter amended."

¶ 12       The Tort Immunity Act does not provide broad overall immunity to local public entities. Rather it contains a number of very specific sections identifying where immunity exists. The Tort Immunity Act adopted the general principle from *Molitor v. Kaneland Community Unit District No. 302*, 18 Ill. 2d 11, 20-22, 163 N.E.2d 89, 93-94 (1959), that local governmental units are liable in tort but limited the principle with an extensive list of immunities based on specific government functions. *Burdinie v. Village of Glendale Heights*, 139 Ill. 2d 501, 506, 565 N.E.2d 654, 658 (1990). At the opposite end, section 2-101 of the Tort Immunity Act

-3-

specifies some situations where the Tort Immunity Act does not apply, where there clearly is no immunity. Because of the numerous exceptions to immunity set out in section 2-201, a wide variety of cases have addressed the relationship between sections 2-101 and 8-101. The common thread running through all those cases, however, has been that if an action fits within one of the enumerated exceptions in section 2-101, section 8-101 does not apply.

¶ 13    A 1986 case applied the Tort Immunity Act's statute of limitations to a wrongful demolition action, despite the action's specific exclusion from tort immunity under section 2-101(e), reasoning that the word "liability" does not refer to the statute-of-limitations provision of the Tort Immunity Act because a statute of limitations is procedural and does not affect substantive rights. *Hapeniewski v. City of Chicago Heights*, 147 Ill. App. 3d 528, 530-31, 497 N.E.2d 97, 98-99 (1986), *vacated*, 484 U.S. 806 (1987). That approach has been rejected. We "see no practical reason for distinguishing the *effect* of a notice provision from the *effect* of a statute of limitations provision. Both require a plaintiff to take some sort of action within a specified period and both *affect* plaintiff's cause of action if not followed." (Emphasis added.) *Slaughter v. Rock Island County Metropolitan Mass Transit District*, 275 Ill. App. 3d 873, 875-76, 656 N.E.2d 1118, 1120 (1995).

¶ 14    *Slaughter* did apply the Tort Immunity Act one-year statute of limitations to the case before it, a common-carrier case, noting that additional language in section 2-101(b) specifically excluded the Metropolitan Transit Authority (CTA). "The legislature must have intended something different than exemption when it used the term 'liability' in reference to common carriers (other than the CTA)." *Slaughter*, 275 Ill. App. 3d at 875, 656 N.E.2d at 1120; see also *Cooper v. Bi-State Development Agency*, 158 Ill. App. 3d 19, 25-26, 510 N.E.2d 1288, 1292-93 (1987) (applying the one-year notice provision, now repealed).

¶ 15    Also in 1986, the Illinois Supreme Court held that plaintiff's right to bring a retaliatory-discharge action against a local public entity was protected by section 2-101. "The plaintiff's claim against the district is not an action exempt from the protection of the Tort Immunity Act. See Ill. Rev. Stat. 1983, ch. 85, par. 2-101." *Boyles v. Greater Peoria Mass Transit District*, 113 Ill. 2d 545, 554, 499 N.E.2d 435, 438 (1986). *Boyles*, 113 Ill. 2d at 555, 499 N.E.2d at 439, rejected the argument that a specific section of the Tort Immunity Act that barred liability for punitive damages, viewed as an important part of a retaliatory-discharge action, should be read to bar the action in its entirety. "Under our holding, only the damages available are restricted; the cause of action in tort for retaliatory discharge remains unchanged." *Boyles*, 113 Ill. 2d at 556, 499 N.E.2d at 439.

¶ 16    The complaint in *Boyles,* 113 Ill. 2d at 547, 499 N.E.2d 2d at 435, alleged that plaintiff was discharged in retaliation for filing a claim under the Workers' Compensation Act. A plaintiff employed a different theory in a later case, arguing his retaliatory-discharge claim and the elements of damages sounded in contract. *Halleck v. County of Cook*, 264 Ill. App. 3d 887, 890, 637 N.E.2d 1110, 1112 (1994). Contract actions are specifically excluded from the immunity protections of the Act, under section 2-101(a), but *Halleck* held that a retaliatory-discharge action is a tort action, not a contract action, and therefore the Tort Immunity Act's one-year statute of limitations applied. *Halleck*, 264 Ill. App. 3d at 892, 637 N.E.2d at 1113-14. It is now clear that an action alleging discharge in retaliation for filing a workers' compensation claim is an action based on the Workers' Compensation Act for

purposes of section 2-101(c). "[U]nder established Illinois law, public entities possess no immunized discretion to discharge employees for exercising their workers' compensation rights." *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 119, 896 N.E.2d 232, 237 (2008) (citing section 2-201); see also *Boyles*, 113 Ill. 2d at 551, 499 N.E.2d at 437 ("public policy embodied in the Workmen's Compensation Act").

¶ 17    The leading case in this area is *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261, 807 N.E.2d 439, 447 (2004), where the Illinois Supreme Court refused to apply the Tort Immunity Act's one-year statute of limitations to a declaratory judgment action questioning the validity of an ordinance that required the payment of impact fees. The Illinois Supreme Court relied on the first sentence of section 2-101, "Nothing in this Act affects the right to obtain relief other than damages against a local public entity or public employee." *Raintree*, 209 Ill. 2d at 259, 807 N.E.2d at 446. Noting that haphazard application of the one-year statute of limitations would create confusion, the court stated:

> "We affirm on the grounds that the plain meaning of section 2-201 of the Tort Immunity Act excludes the type of cause of action at issue here, namely, an action seeking a declaratory judgment that the Village's impact fee ordinance exceeded statutory authority and a refund of all monies plaintiffs paid to the Village pursuant to that ordinance. 745 ILCS 10/2-201 (West 2002). Accordingly, we hold that section 8-101 of the Tort Immunity Act does not bar plaintiffs' amended complaint." *Raintree*, 209 Ill. 2d at 261, 807 N.E.2d at 447.

*Raintree* involved the first sentence of section 2-101, not the second sentence now before us, the specific exclusions sentence. It is interesting, however, that the *Raintree* local public entity, attempting to give some meaning to section 2-101, argued that section 8-101 did not apply to "those actions specifically excluded by section 2-101 of the Act." *Raintree*, 209 Ill. 2d at 254, 807 N.E.2d at 443. *Raintree*, quoted section 2-101 in its entirety, and made no distinction between the two sentences. *Id.*; *Harvest Church of Our Lord v. City of East St. Louis*, 407 Ill. App. 3d 649, 654, 943 N.E.2d 1230, 1234 (2011).

¶ 18    Shortly after *Raintree* was decided, the Illinois Supreme Court considered whether the Tort Immunity Act's one-year statute of limitations should be applied or the four-year limitations period for construction-related-tort causes of action against "any body politic," found in section 13-214(a) of the Code of Civil Procedure (735 ILCS 5/13-214(a) (West 1998)). *Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago*, 213 Ill. 2d 1, 3, 820 N.E.2d 401, 403 (2004). In that case, no section provided immunity, but no provision of section 2-101 barred application of the Tort Immunity Act. See *Hubble v. Bi-State Development Agency of the Illinois Metropolitan District*, 238 Ill. 2d 262, 270 n.4, 938 N.E.2d 483, 490 n.4 (2010) (section 8-101 statute of limitations barred action even though there was no immunity and section 2-101 did not apply). The majority noted there were arguments on both sides, whether section 13-214(a) was more specific than section 8-101, or *vice-versa*, and finally concluded that "the comprehensive protection afforded by section 8-101 necessarily controls over other statutes of limitation or repose." *Paszkowski*, 213 Ill. 2d at 13, 820 N.E.2d at 408. The three-justice dissent noted that the Tort Immunity Act itself, in section 2-101, contained exceptions to the application of section 8-101:

"These exceptions include actions for relief other than damages, actions based on contract, and actions based on the Workers' Compensation Act. 745 ILCS 10/2-101 (West 2002). The legislature intended for the statutes of limitation for claims listed in the enumerated exceptions of section 2-101 to remain intact." *Paszkowski*, 213 Ill. 2d at 16, 820 N.E.2d at 410 (Fitzgerald, J., dissenting, joined by Kilbride and Rarick JJ.).

Section 2-101 was not at issue in *Paszkowski*, but was cited as strong support of the argument that section 8-101 should not apply. *Id.*

¶ 19     Following *Raintree*, the Fifth District recently held that section 2-101 of the Tort Immunity Act operates to exclude the enumerated actions from the time limitation set forth in section 8-101(a) of the Tort Immunity Act. *Harvest Church*, 407 Ill. App. 3d at 655, 943 N.E.2d at 1235. *Harvest Church*, 407 Ill. App. 3d at 650-51, 943 N.E.2d at 1231-32, involved the wrongful demolition of property exception set out in section 2-101(e) (section 1-4-7 of the Illinois Municipal Code). We agree with *Harvest Church*.

¶ 20     The Town argues that "[f]or nearly two decades, it has been well settled law in Illinois that claims for retaliatory discharge against local governmental entities are governed by the one year statute of limitations in the Tort Immunity Act," citing *Halleck*. We disagree. *Halleck*, 264 Ill. App. 3d at 892, 637 N.E.2d at 1113, recognized that actions specifically excluded from the Tort Immunity Act under section 2-101 are not governed by the one-year statute of limitations contained in the Tort Immunity Act, but it rejected the argument that the retaliatory-discharge action in the case before it sounded in contract, a specifically excluded action. The question in the present case is whether a discharge in retaliation for exercising rights under the Workers' Compensation Act is one based on section 2-101(c). The Workers' Compensation Act and a number of cases have held that it is. See *Boyles*, 113 Ill. 2d at 551, 499 N.E.2d at 437; *Smith*, 231 Ill. 2d at 119, 896 N.E.2d at 237. Once it is established that a section 2-101 "enumerated exception" exists, it is clear that the one-year statute of limitations provided by section 8-101 does not apply. See *Raintree*, 209 Ill. 2d at 261, 807 N.E.2d at 447; *Harvest Church*, 407 Ill. App. 3d at 655, 943 N.E.2d at 1235-36. The cases to the contrary involved a reading of the common-carrier enumerated exception, an exception not at issue in this case. See *Cooper*, 158 Ill. App. 3d at 24, 510 N.E.2d at 1291; *Slaughter*, 275 Ill. App. 3d at 875, 656 N.E.2d at 1119 ("the legislature must have intended something different").

¶ 21     The action in this case is based on the Workers' Compensation Act, and accordingly it is not affected by the Tort Immunity Act under section 2-101(c). Because the Tort Immunity Act is not applicable to plaintiff's retaliatory-discharge claim, the one-year statute of limitations set forth in section 8-101(a) of the Tort Immunity Act (745 ILCS 10/8-101(a) (West 2008)) does not apply to plaintiff's amended complaint. Accordingly, the trial court erred in dismissing plaintiff's complaint for being filed outside the statute of limitations, and the court's August 25, 2010, order is reversed.

¶ 22                                    III. CONCLUSION

¶ 23     For the reasons stated, we reverse the trial court's judgment. Cause remanded.

¶ 24       Reversed and remanded.

¶ 25       JUSTICE STEIGMANN, specially concurring:

¶ 26       I concur with the majority opinion because I believe the result it reached is required by the decision of the supreme court in *Raintree Homes*. Nonetheless, I write specially because I question that decision, and I hope that the supreme court might reconsider it.

¶ 27       In my opinion, this case should be resolved by the fact that the second sentence of section 2-101 of the Act deals with the *liability* of a public entity or a public employee, whereas section 8-101 of the Act sets forth a one-year statute of limitations for any civil action against such an entity. I agree with the reasoning of the First District in *Hapeniewski v. City of Chicago Heights*, 147 Ill. App. 3d 528, 497 N.E.2d 97 (1985), that these statutory provisions address different matters. That is, "[b]ecause statutes of limitations generally do not affect substantive rights, we conclude that the word 'liability' used in section 2-101 does not refer to the statute of limitations." *Hapeniewski*, 147 Ill. App. 3d at 531, 497 N.E.2d at 99.

¶ 28       However, in *Raintree Homes* the supreme court conflates the two sentences at the beginning of section 2-101 of the Act and then concludes that the statute of limitations contained in section 8-101 does not apply. I do not believe that this interpretation of these statutory provisions is correct, and perhaps the supreme court will use this case to reconsider its holding in *Raintree Homes*.