# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### Ballinger v. City of Danville, 2012 IL App (4th) 110637

---

| | |
|---|---|
| Appellate Court Caption | DENNIS D. BALLINGER, SR., Plaintiff-Appellant, v. THE CITY OF DANVILLE, ILLINOIS, a Municipal Corporation, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-11-0637 |
| Filed | March 13, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court erred in dismissing plaintiff's claim under section 1-4-7 of the Illinois Municipal Code for wrongful demolition of a house he owned and for a declaration that the lien arising from the demolition was invalid based on the one-year statute of limitations in section 8-101(a) of the Tort Immunity Act, since the one-year statute of limitations in section 8-101(a) does not apply to wrongful-demolition claims under section 1-4-7 of the Municipal Code and the lien-invalidity claim sought "relief other than damages," which is excluded from the immunity provided by the Act. |
| Decision Under Review | Appeal from the Circuit Court of Vermilion County, No. 09-L-26; the Hon. Craig H. DeArmond, Judge, presiding. |
| Judgment | Affirmed in part and reversed in part; cause remanded. |

Counsel on
Appeal

Mark S. Morthland (argued), of Moore, Susler, McNutt & Wrigley, LLC, of Decatur, for appellant.

John F. Martin (argued), of Meachum & Martin, of Danville, for appellee.

Panel

PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion.

Justice Knecht concurred in the judgment and opinion.

Justice Pope specially concurred, with opinion.

**OPINION**

¶ 1    Plaintiff, Dennis D. Ballinger, Sr., appeals the Vermilion County circuit court's July 2011 dismissal of his first-amended complaint against defendant, the City of Danville, Illinois, a municipal corporation (hereinafter, the City). On appeal, plaintiff asserts the trial court erred by (1) failing to apply the discovery rule to the one-year statute of limitations contained in section 8-101(a) of the Local Governmental and Governmental Employees Tort Immunity Act (Immunity Act) (745 ILCS 10/8-101(a) (West 2008)) and (2) finding the City complied with the notice requirements of section 11-31-1(e) of the Illinois Municipal Code (Municipal Code) (65 ILCS 5/11-31-1(e) (West Supp. 2007)). We affirm in part, reverse in part, and remand for further proceedings.

¶ 2                         I. BACKGROUND

¶ 3    Through a November 1, 2005, tax deed, plaintiff acquired ownership of the real estate commonly referred to as 1903 Deerwood, Danville, Illinois (hereinafter, Property). A single-family dwelling was located on the Property, which was uninhabited after plaintiff's purchase. On or around January 9, 2008, the City posted a notice on the front of the building located on the Property that stated "unless the building is demolished, repaired, or enclosed, and unless garbage, debris, and other materials are removed, that the building may be demolished, repaired or enclosed by [the City] and the materials removed." On February 7, 2008, the City sent plaintiff by certified mail a notice to remediate the Property. The notice was addressed to plaintiff's address in Decatur, Illinois. The certified mail receipt was signed by Karen Kazmer. The City also had the notice to remediate published in The News-Gazette from February 8 through 10, 2008, and filed the notice with the Vermilion County recorder of deeds on February 20, 2008. The demolition of the home on the Property began on March 14, 2008, and was completed on March 19, 2008. On June 21, 2008, plaintiff drove by the property and discovered the home had been demolished.

¶ 4    On May 7, 2009, plaintiff filed a three-count complaint against the City, (1) asserting

wrongful demolition and a due-process violation and (2) requesting a declaration of invalidity of any lien. The City filed a motion to dismiss the complaint, which the trial court granted without prejudice. On October 30, 2009, plaintiff filed a first-amended complaint, (1) asserting wrongful demolition (count I) and (2) requesting the court declare (a) section 11-31-1(e) of the Municipal Code (65 ILCS 5/11-31-1(e) (West Supp. 2007)) unconstitutional (count II) and (b) any lien invalid (count III).

¶ 5        In November 2009, the City filed a motion to dismiss the first-amended complaint under section 2-619 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-619 (West 2008)). The motion asserted (1) the City followed the statutory procedure contained in section 11-31-1(e) of the Municipal Code for demolition of the building on the Property, (2) the suit is barred by the one-year statute of limitations of section 8-101(a) of the Immunity Act (745 ILCS 10/8-101(a) (West 2008)), (3) section 11-31-1(e) of the Municipal Code is constitutional, and (4) the notice procedures were adequate. The City attached the following to its motion to dismiss: (1) the affidavit of David B. Wesner, the City's corporation counsel; (2) the February 7, 2008, notice to remediate; (3) the notice to remediate filed with the recorder of deeds; (4) a certification of publication in The News-Gazette; (5) the affidavit of Eric Quick, the City public works department employee; (6) receipts and other documents related to the demolition; and (7) the affidavit of Doug Ahrens, director of the City public works department.

¶ 6        In response to the motion to dismiss, plaintiff filed his own affidavit, in which he stated he is engaged in the real-estate-tax business and owns numerous parcels of real estate throughout the state. Due to his owning numerous pieces of property, plaintiff is unable to monitor his properties on a daily, weekly, or even monthly basis. On or about June 21, 2008, he was working in Danville, drove by the Property, and discovered the building on the Property had been demolished. Plaintiff further stated he was unaware of the City's intention to demolish the building on the Property and did not receive adequate notice of that intent. On March 2, 2010, the trial court heard oral arguments on the motion. The parties also filed memoranda.

¶ 7        On July 5, 2011, the trial court entered its order granting the City's motion to dismiss. The court found the statute was constitutional and the statute of limitations had expired before plaintiff filed his complaint. The court rejected plaintiff's argument the discovery rule should apply. It noted the February 7, 2008, notice to remediate placed plaintiff on notice that, if he did not do something, the City would demolish the building on the Property. Once plaintiff discovered the demolition within three months of the demolition, "he was clearly on notice of the import of the notice he received by mail in February."

¶ 8        On July 21, 2011, plaintiff filed a notice of appeal in sufficient compliance with Illinois Supreme Court Rule 303 (eff. May 30, 2008), and thus this court has jurisdiction under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 9                                         II. ANALYSIS

¶ 10       On appeal, plaintiff only asserts the trial court erred by granting the motion to dismiss because it (1) failed to apply the discovery rule to the one-year statute of limitations

contained in section 8-101(a) of the Immunity Act and (2) found the City complied with the notice requirements. He does not challenge the trial court's finding section 11-31-1(e) of the Municipal Code was constitutional. Thus, the trial court's dismissal of count II is unchallenged, and thus we affirm the dismissal of that count. As to plaintiff's remaining claims, this court reviews *de novo* the trial court's dismissal of a section 2-619 motion to dismiss. *Barber v. City of Springfield*, 406 Ill. App. 3d 1099, 1101, 943 N.E.2d 1157, 1161 (2011).

¶ 11    Plaintiff's remaining claims are a wrongful-demolition claim seeking damages for the destruction and removal of the building on his property and its corollary lien-invalidity claim. Plaintiff asserts those claims are not barred by the one-year statute of limitations contained in section 8-101(a) of the Immunity Act because the discovery rule applies to toll the commencement of the limitations period. The City asserts the discovery rule should not apply.

¶ 12    Since the parties did not address it in their briefs, this court requested they address at oral arguments the Fifth District's *Harvest Church of Our Lord v. City of East St. Louis*, 407 Ill. App. 3d 649, 655, 943 N.E.2d 1230, 1236 (2011), which found section 8-101(a) of the Immunity Act did not apply to wrongful-demolition claims brought under section 1-4-7 of the Municipal Code (65 ILCS 5/1-4-7 (West 2008)). At oral arguments, plaintiff argued the case was right on point, and this court should follow it. Citing *Boldon v. Chiappa*, 140 Ill. App. 3d 913, 917-18, 489 N.E.2d 6, 9-10 (1986), the City asserted plaintiff did not challenge the Immunity Act's applicability to his claims in the trial court, and thus he has forfeited the issue on review. The City is correct the applicability of section 8-101(a) to plaintiff's claims was not before the trial court when it ruled on the City's motion to dismiss.

¶ 13    Generally, reviewing courts deem forfeited issues not raised in the trial court. *Henrich v. Libertyville High School*, 289 Ill. App. 3d 809, 818, 683 N.E.2d 135, 141 (1997) (appeal from the granting of a motion to dismiss). However, the forfeiture rule is an admonition to the parties and does not affect this court's jurisdiction. See *Illinois State Chamber of Commerce v. Filan*, 216 Ill. 2d 653, 664, 837 N.E.2d 922, 929-30 (2005). Our supreme court has noted "[a] reviewing court may, in furtherance of its responsibility to provide a just result and to maintain a sound and uniform body of precedent, override considerations of waiver that stem from the adversarial nature of our system." *Filan*, 216 Ill. 2d at 664, 837 N.E.2d at 930. Thus, to maintain a uniform body of precedent as to the applicability of section 8-101(a) and reach the just result regarding the statute-of-limitations period, we find this case presents an exception to the forfeiture rule and will address the applicability of section 8-101(a) of the Immunity Act to plaintiff's claims. See *Filan*, 216 Ill. 2d at 664, 837 N.E.2d at 930.

¶ 14    While plaintiff did not state the legal basis for his wrongful-demolition count in his complaint or in his briefs, he asserts *Harvest Church of Our Lord* involved the same situation as this case. There, the plaintiff filed its complaint against a city, alleging the city improperly demolished its church building located within the city and failed to account for the proceeds of the sale of property. *Harvest Church of Our Lord*, 407 Ill. App. 3d at 650, 943 N.E.2d at 1231-32. The reviewing court found section 1-4-7 of the Municipal Code formed the basis of the plaintiff's action. *Harvest Church of Our Lord*, 407 Ill. App. 3d at 653, 943 N.E.2d

at 1234. Section 1-4-7 of the Municipal Code (65 ILCS 5/1-4-7 (West 2008)) imposes liability on municipalities for injuries to third persons occasioned by the removal or destruction of buildings by public employees, and specifically states the following:

"The municipality shall be liable for any injury occasioned by actionable wrong to property by the removal, destruction or vacation, in whole or in part, of any unsafe or unsanitary building, by any municipal officer, board or employee charged with authority to order or execute such removal, destruction or vacation, if such removal, destruction or vacation is pursuant to valid statutes, ordinances or regulations, and if such officer, board or employee has acted in good faith, with reasonable care and probable cause."

We find section 1-4-7 of the Municipal Code is the basis for plaintiff's wrongful-demolition claim in this case.

¶ 15    In holding section 8-101(a) of the Immunity Act's one-year statute of limitations did not apply to a suit for damages brought under section 1-4-7 of the Municipal Code, the Fifth District explained section 2-101(e) of the Immunity Act (745 ILCS 10/2-101(e) (West 2006)) excludes actions under section 1-4-7 of the Municipal Code from the provisions of the Immunity Act, and thus the time limitation contained in section 8-101(a) of the Immunity Act does not apply to such actions. *Harvest Church of Our Lord*, 407 Ill. App. 3d at 655, 943 N.E.2d at 1235. The Fifth District's analysis is well reasoned and supported by our supreme court's decision in *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261, 807 N.E.2d 439, 447 (2004).

¶ 16    Additionally, we note this court recently noted its approval of the analysis and holding in *Harvest Church of Our Lord*. *Collins v. Town of Normal*, 2011 IL App (4th) 100694, ¶ 19, 951 N.E.2d 1285, 1290. In *Collins*, we held that, under the exclusion provided by section 2-101(c) of the Immunity Act (745 ILCS 10/2-101(c) (West 2008)), the Immunity Act did not apply to the plaintiff's action based on the Workers' Compensation Act (820 ILCS 305/1 (West 2008)). *Collins*, 2011 IL App (4th) 100694, ¶ 21, 951 N.E.2d at 1290. Thus, since the Immunity Act was not applicable to the plaintiff's claim, the one-year statute of limitations contained in section 8-101(a) of the Immunity Act (745 ILCS 10/8-101(a) (West 2008)) did not apply and the court erred by dismissing the amended complaint. *Collins*, 2011 IL App (4th) 100694, ¶ 21, 951 N.E.2d at 1290.

¶ 17    Accordingly, we find the one-year statute of limitations contained in section 8-101(a) of the Immunity Act does not apply to plaintiff's wrongful-demolition claim under section 1-4-7 of the Municipal Code.

¶ 18    Likewise, since plaintiff's lien-invalidity claim seeks only a declaration, it is an action that seeks "relief other than damages," as set forth in the first sentence of section 2-101 of the Immunity Act (745 ILCS 10/2-101 (West 2008)) and thus is excluded from the Immunity Act. See *Raintree Homes, Inc.*, 209 Ill. 2d at 256, 807 N.E.2d at 444. Accordingly, the one-year statute of limitations in section 8-101(a) of the Immunity Act also does not apply to plaintiff's lien-invalidity claim. See *Raintree Homes, Inc.*, 209 Ill. 2d at 261, 807 N.E.2d at 447.

¶ 19    Here, the trial court erred by dismissing plaintiff's wrongful-demolition and lien-invalidity claims based on the one-year statute of limitations contained in section 8-101(a)

of the Immunity Act. The City has not asserted another basis for affirming the court's dismissal, and none appear on the face of the record. See *AIDA v. Time Warner Entertainment Co.*, 332 Ill. App. 3d 154, 158, 772 N.E.2d 953, 957 (2002) (noting a reviewing court may affirm a dismissal for any reason appearing in the record). Thus, reversal of the court's dismissal with prejudice of plaintiff's first-amended complaint is warranted, and we do not address plaintiff's other argument.

¶ 20                                     III. CONCLUSION

¶ 21       For the reasons stated, we affirm the Vermilion County circuit court's dismissal with prejudice of count II of plaintiff's first-amended complaint, reverse its dismissal with prejudice of counts I and III, and remand for further proceedings.

¶ 22       Affirmed in part and reversed in part; cause remanded.

¶ 23       JUSTICE POPE, specially concurring:

¶ 24       I agree with the majority's analysis on the merits. I write separately to address the forfeiture issue. Here, it is abundantly clear no one alerted the trial court to the correct statute of limitations. Notably, no one directed this court to the correct statute of limitations either. The plaintiff clearly forfeited the issue. While the majority notes the importance of maintaining a uniform body of precedent with respect to the applicability of section 8-101(a), it seems to me the same can be said of the forfeiture issue. Parties should be able to rely on a uniform body of precedent regarding forfeiture–if an argument was not made to the trial court and was not made to the appellate court, it is forfeited and should remain forfeited. Our supreme court has directed us to look at jurisdiction and forfeiture *sua sponte*. See *People v. Smith*, 228 Ill. 2d 95, 106, 885 N.E.2d 1053, 1059 (2008).

¶ 25       We are able to keep a uniform body of precedent on both issues by finding the appropriate statute of limitations for wrongful demolition is five years, not the one-year limitations period under section 8-101(a), and then finding plaintiff forfeited this argument by failing to raise it in the trial court and on appeal. I am willing to specially concur in this case because the City suffers no prejudice. The City faced a five-year statue of limitations and plaintiff's action was filed well within that period. The City is still able to defend the case on the merits in the trial court.